27983, 27984. HENDERSON v. HENDERSON; and vice versa.

GUNTER, Justice. These appeals, one a direct appeal and the other a cross appeal, are from a judgment granting a new trial. A motion has been filed in this court to dismiss the direct appeal on the ground that the judgment appealed from is not a final judgment and that there is no certificate for immediate review. See Code Ann. § 6-701. This court has plainly held that a judgment granting a new trial is not a final judgment, and because it is not a final judgment, an interlocutory appeal cannot be prosecuted unless the trial judge grants a certificate for immediate review. See *West v. West,* 229 Ga. 649 (193 SE2d 820), and *Fife v. Johnston,* 225 Ga. 447 (169 SE2d 167).

The denial of an interlocutory appeal by statute (The Appellate Practice Act) does not, however, prevent a litigant from eventually seeking a review in an appellate court of a judgment granting a new trial; this is so because upon conclusion of the case in the trial court and the entry of a final judgment, an appeal can then be taken from the final judgment, and in such appeal the legality of the judgment granting the new trial can

be attacked. See Code Ann. § 6-701 (b).

These two appeals are premature since they are not from a final judgment and since there is no certificate for immediate review. *Appeals dismissed. All the Justices concur.*

SUBMITTED JUNE 12, 1973 — DECIDED OCTOBER 5, 1973.

*McWhorter & Steinberg, Leonard N. Steinberg,* for appellant.
*Scott Walters, Jr.,* for appellee.