## 30679. TOMKUS v. PARKER et al.

UNDERCOFLER, Presiding Justice.

The petition in this case shows:

On June 19, 1973, Francis S. Czajkowski gave a note and security deed on certain property to the National Bank & Trust Company of Columbus. On July 20, 1974, Czajkowski conveyed the property by quitclaim deed to appellant. There was no assumption of the outstanding indebtedness in the quitclaim deed. Czajkowski died and the note became in default. Patricia R. Petrone is the administratrix of the Czajkowski estate and is one of the appellees. The National Bank & Trust Company assigned the note and security deed to Joseph D. Parker, Jr., one of the appellees who has entered foreclosure proceedings. Appellant prayed that the foreclosure proceedings be enjoined and the administratrix be required to pay the indebtedness out of the assets of the Czajkowski estate. The trial court denied the relief. This appeal followed. *Held:*

1. "While a security deed passes legal title, it leaves an equitable title vested in the grantor which may be sold or otherwise disposed of in the same manner as a full legal title. A purchaser or grantee from the original borrower acquires the property subject to the security deed where he takes with actual or constructive notice, together with the right of redemption. . . Unless the purchaser expressly assumes the secured indebtedness, it remains only as a charge against the land and a personal liability of the original borrower." Pindar, Georgia Real Estate Law (1971), p. 805, § 21-49. Appellant acquired the property here subject to the security deed. Although she is not personally liable on the note, it is a lien upon the land and subject to foreclosure. She can not compel the administratrix to pay the note and thereby gain clear title to the property absent an agreement to that effect.

2. Code § 85-710 relates to mergers of estates and is no basis for equitable relief to compel the appellee-administratrix to pay the outstanding indebtedness here.

3. The foreclosure sale has taken place and questions as to whether it should have been enjoined are

moot.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 14, 1976 — DECIDED MARCH 11, 1976.

Starlin, *Powell & Hipps, Joseph W. Powell, II, for appellant.*

*Willis & Murrah, Edward P. Murrah, Jr., Martin, Kilpatrick & Davidson, Marcus B. Calhoun, Jr., for appellees.*