54585. COCHRAN v. MOTHER'S SMALL LOAN COMPANY et al.

DEEN, Presiding Judge.

Josephine Cochran appeals from an order of the Superior Court of Fulton County granting summary judgment to Mother's Small Loan Company (Mother's).

On July 6, 1967, Jimmy L. Cochran executed a promissory note and deed to secure debt on certain real property in favor of the Citizens & Southern Bank (C&S). When the Cochrans were divorced on November 14, 1973, this property was awarded to appellant who claims that she was unaware that the property was mortgaged. On November 19, 1974, Mother's purchased the note and

security deed from C&S. Approximately seven months later, Mother's demanded full payment of the outstanding loan balance from appellant or it would institute foreclosure proceedings. Appellant filed a motion for a new trial on the divorce action. This motion was denied on August 21, 1974. In December, 1974, she filed a complaint against Jimmy L. Cochran asking that the order denying her a new trial be set aside because she did not receive notice of the August 21 order and prayed that Jimmy L. Cochran be required to pay the loans and taxes on the property. No order granting or denying her request to set aside the August 21 order appears in the record. On September 19, 1975, appellant filed a motion to add Mother's as a party. This motion was subsequently granted and appellant then amended her complaint alleging a conspiracy between Jimmy L. Cochran and the officers, agents and employees of Mother's to deprive her of this property. Mother's made a motion for summary judgment which was granted. *Held:*

The affidavit of the assistant banking officer of C&S indicates that appellant had constructive notice that the property was mortgaged because the deed to secure debt was recorded. Therefore, the defense of lack of notice is not available to appellant. See *Tomkus v. Parker,* 236 Ga. 478 (224 SE2d 353). However, appellant alleges a conspiracy to deprive her of her property and on a motion for summary judgment ". . . all doubts are to be resolved against the movant . . . and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). In paragraph 5 of Mother's answer to appellant's amended complaint, appellee admits the allegations contained in paragraphs four, five, six, seven, eight, nine, ten, eleven and twelve. Although appellee specifically denies a conspiracy in his answer, the admissions to paragraphs nine through twelve are sufficient to raise a jury question as to whether a conspiracy did in fact exist.

*Judgment reversed. Webb and Birdsong, JJ., concur.*

Argued October 5, 1977 — Decided November 1, 1977.

*Patterson, Parks & Franklin, Isabel Gates Webster,* for appellant.
*Stanley H. Nylen,* for appellees.