A90A1255, A90A1402. DICKENS et al. v. CALHOUN FIRST NATIONAL BANK; and vice versa.
(398 SE2d 814)

McMURRAY, Presiding Judge.

A previous lawsuit between these parties was considered by this court in *Dickens v. Calhoun First Nat. Bank*, 189 Ga. App. 798 (377 SE2d 715). Although that lawsuit and this action arose from the same set of facts, the issues are different.

On June 24, 1985, Robert Lee Dickens and Rebecca T. Dickens executed a 90-day note and deed to secure debt in favor of The Calhoun First National Bank. The note had a face amount of $206,755.77. It was secured by approximately 65 acres of land. On September 22, 1985, the note was extended for an additional 90 days. On November 11, 1985, Robert Lee Dickens transferred his interest in the property to Rebecca H. Trotter Dickens by warranty deed. The deed was recorded on November 13, 1985. Subsequently, on December 22, 1985, the Dickenses defaulted.

On April 2, 1986, the bank sent notice of the default and of the bank's intention to seek attorney fees if the indebtedness was not paid in ten days. The letter giving the notice was sent by certified

mail to Robert Lee Dickens and accepted by an agent for the Dickenses' business. In pertinent part, the notice reads: "You are hereby notified that your loan with The Calhoun First National Bank is in default. The note contains a provision for the payment of reasonable attorney's fees, and pursuant to Section 13-1-11 of the Code of Georgia, you are hereby notified that the provision relative to the payment of attorney's fees as set out in the note in addition to the principal and interest shall be enforced, and that you have ten (10) days from the receipt of this notice to pay the entire principal balance without having to pay the attorney's fees (15 percent), except fees and expenses incurred as of this date by reason of default."

On the first Tuesday in May 1986, the Dickenses' property was sold at public sale and purchased by the bank for $254,000. That amount consisted of the outstanding indebtedness, plus 15 percent attorney fees ($32,590.06) as provided in the note.

On October 14, 1988, the Dickenses brought this lawsuit seeking the difference between the foreclosure sale price and the principal and interest indebtedness. They alleged that the bank failed to account for the surplus funds, retained the funds in violation of OCGA § 16-8-4, and refused to pay the surplus to subordinate creditors as required by OCGA § 44-14-190. They sought an accounting and judgment in the amount of the surplus plus interest, attorney fees and costs.

Answering the complaint, the bank denied that it owed the Dickenses any of the foreclosure funds or that they were due an accounting. Via a request for admissions the bank sought and obtained admissions that six outstanding subordinate liens on the property, totalling some $120,000, had not been paid.

The bank moved for summary judgment. In response, the Dickenses argued that language in the note agreeing "to pay the costs you incur to collect this Note in the event of any default, including your attorney's fees of 15% of principal and interest" should be construed as an agreement by the Dickenses to be liable only for the expenses actually incurred upon the foreclosure sale. They also argued that the notice letter sent pursuant to OCGA § 13-1-11 was defective in that it was addressed to Robert Lee Dickens and not to the property's owner, Rebecca T. Dickens.

Subsequently, on June 14, 1989, after the time for responding to the motion for summary judgment had expired, the Dickenses amended their complaint to assert that Rebecca T. Dickens was the sole owner of the foreclosed property and that, since she had received no notice of the sale under OCGA §§ 44-14-162 and 44-14-162.2, the foreclosure sale was void. Thereafter, on June 29, 1989, the Dickenses filed a cross-motion for partial summary judgment, alleging wrongful foreclosure. Responding to the cross-motion, the bank denied that

OCGA § 44-14-162.2 was controlling, arguing that that Code section was inapplicable since the Dickenses submitted no proof that their property was used for residential purposes.

After considering the parties' respective summary judgment motions, the trial court awarded Rebecca Dickens $16,295.03, or one-half of the attorney fees paid to the bank, finding that the bank did not give her notice of its intent to collect attorney fees as required by OCGA § 13-1-11. With regard to the notification requirement of OCGA § 44-14-162.2, the court ruled in favor of the bank because there was no evidence showing that the secured property was used as the Dickenses' dwelling place. The court further found that because the note specified that the Dickenses were liable for attorney fees equal to 15 percent of the principal and interest, the bank was entitled to that amount, even though the actual cost of the legal services which the bank incurred might have been less. Accordingly, the trial court granted the bank's motion for summary judgment, except for the award of $16,295.03 attorney fees (which was ½ of the total attorney fees), plus interest, to Rebecca Dickens out of the surplus funds since she was not given notice under OCGA § 13-1-11, and the court denied the Dickenses' cross-motion for summary judgment. *Held*:

1. In the main appeal, the Dickenses contend that summary judgment in the bank's favor and the denial of their cross-motion for summary judgment on the issue of the bank's liability for wrongful foreclosure was in error because the bank sold her home without giving Rebecca Dickens the notice required by OCGA §§ 44-14-162 and 44-14-162.1 through 44-14-162.4.

Those Code sections require that no sale of real estate on foreclosure shall be valid unless notice of the sale has been given the debtor; "debtor" is defined as "the grantor of the mortgage, security deed, or other lien contract. In the event the property encumbered by the mortgage, security deed, or lien contract has been transferred or conveyed by the original debtor, the term 'debtor' shall mean the current owner of the property encumbered by the debt, if the identity of such owner has been made known to and acknowledged by the secured creditor prior to the time the secured creditor is required to give notice pursuant to Code Section 44-14-162.2." OCGA § 44-14-162.1. This notice requirement, however, applies "only to the exercise of a power of sale of property all or part of which is to be used as a dwelling place by the debtor at the time the mortgage, security deed, or lien contract is entered into." OCGA § 44-14-162.3.

While there have been allegations and denials by the parties, we have found no competent evidence of record to show whether either Robert Lee Dickens or Rebecca T. Dickens resided on the mortgaged property at the pertinent time, so as to require compliance with the notice provisions of OCGA § 44-14-162 et seq. to effectuate a valid

foreclosure and sale under the deed. (In the prior appeal, this court stated only that the Dickenses operated an auction barn and owned some rental houses on the land, and that "[t]he bank sent a foreclosure notice letter in April 1986, and foreclosed and bought the property at public sale in May." *Dickens v. Calhoun First Nat. Bank,* supra at 799.) Since this presents a genuine issue of material fact for resolution, the trial court incorrectly ruled in favor of the bank on its motion for summary judgment that OCGA § 44-14-162.2 was inapplicable.

2. The Dickenses' contentions in regard to conversion of the funds and fraud on the part of the bank are not supported by any evidence of such misconduct.

3. The bank contends in the cross-appeal that it is entitled to the total amount of attorney fees contracted for in the note since Robert Lee Dickens did receive the proper statutory notice.

The transferral of Robert Lee Dickens' interest in the property to Rebecca H. Trotter Dickens did not relieve him of his joint and several obligations to the bank under the note and security deed, nor was the amount of attorney fees agreed upon unreasonable. Contractual obligations for the payment of attorney fees representing 15 percent of the indebtedness owed are valid and enforceable under OCGA § 13-1-11 where, as here, the contract contains such a provision, the debt has matured, notice was given the debtor that he has ten days to pay the debt, the 20-day period has expired, and the debt is collected by or through an attorney. *Dedousis v. First Nat. Bank of Cobb County,* 181 Ga. App. 425, 427 (6) (352 SE2d 577); *Specialty Investment Corp. v. Village Apt. Assoc.,* 9 B.R. 211, 215 (N. D. Ga. 1981). The provision making Robert Lee Dickens and Rebecca T. Dickens jointly and severally liable for payment of costs incurred in collecting on the note, including attorney fees of 15 percent of principal and interest, was in the note when Robert Lee Dickens executed it; the obligation and right to enforce it were secured by the security deed. See *Woods v. State of Ga.,* 109 Ga. App. 225, 227 (136 SE2d 18). Thus, as an original borrower, Robert Lee Dickens was "a party sought to be held" as contemplated by OCGA § 13-1-11 on "the underlying indebtedness evidenced by the note, including attorney's fees which would be collectible from the property as a result of a sale thereof pursuant to the power of sale contained in the security deed. [Cit.]" *Pendergrast v. Ewing,* 158 Ga. App. 5, 6 (1), 7 (279 SE2d 233). See also *Tomkus v. Parker,* 236 Ga. 478 (224 SE2d 353).

Since we have held that there are unresolved questions of fact in regard to the validity of notice of the foreclosure, the bank's motion for summary judgment for attorney fees under the note was improperly granted. If, however, it was not incumbent upon the bank to give notice of foreclosure under the facts of this case, then, in that event,

the bank would be entitled to the total amount of attorney fees evidenced by the note.

*Judgment affirmed in part and reversed in part. Birdsong, J., concurs. Sognier, J., concurs specially. Carley, C. J., disqualified.*

SOGNIER, Judge, concurring specially.

I concur specially with regard to Division 1 because, although I agree that there is a fact question regarding whether the property in question was used as a residence at the time the deed to secure debt was executed, resolution of that question may not necessarily be dispositive of this case. The record reflects that J. C. Maddox, the bank's attorney and a director of the bank, handled the November 11, 1985 transfer of the property from Robert Maddox to his wife, and consequently the identity of the current owner was known to and acknowledged by the bank within the meaning of OCGA § 44-14-162.1. Of course, if it is determined that the property was not residential, then the bank's knowledge is immaterial, the trial court's ruling that the provisions of OCGA § 44-14-162.1 et seq. are inapplicable was correct, and the foreclosure was proper. However, since the record reflects that technically no notice of foreclosure was given to Rebecca Dickens, if the property is determined to have been residential, the question remains whether the notice requirements of OCGA § 44-14-162.1 et seq. were complied with and consequently whether the foreclosure was proper. Only then can the question of attorney fees be resolved.

DECIDED NOVEMBER 7, 1990.

*Lamb & Associates, T. Gordon Lamb, S. Robert Hahn, Jr.*, for appellants.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Waycaster, Corn, Murray & Morris, Cynthia N. Johnson*, for appellee.