A92A2178. DICKENS et al. v. CALHOUN FIRST NATIONAL BANK.
(431 SE2d 121)

COOPER, Judge.

This is the third case arising out of the same set of facts to appear before this court. See *Dickens v. Calhoun First Nat. Bank*, 197 Ga. App. 517 (398 SE2d 814) (1990); *Dickens v. Calhoun First Nat. Bank*, 189 Ga. App. 798 (377 SE2d 715) (1989). This appeal arises from the trial court's entry of judgment on a jury verdict in favor of appellee.

Appellant and her husband defaulted on a promissory note and deed to secure debt with a face value of $206,755.77 which was executed in favor of appellee and secured by real property located in Gordon County. Prior to the default, Mr. Dickens transferred his interest in the property by warranty deed to appellant. Pursuant to OCGA § 13-1-11, appellee sent to Mr. Dickens notice of the default and of its intention to seek attorney fees, as provided in the note, if the indebtedness were not paid in full in ten days. The property was subsequently sold at a public sale and purchased by appellee for $254,000, the outstanding indebtedness on the note plus 15 percent in attorney fees ($32,590.06). The Dickenses then brought this action, seeking an accounting and damages equalling the difference between the foreclosure sale price and the principal and interest indebtedness. The complaint initially alleged that appellee failed to account for and unlawfully retained surplus funds. It was later amended to allege wrongful foreclosure based on the lack of notice to appellant, the sole owner of the property, under OCGA § 44-14-162 et seq. and OCGA § 13-1-11 and based on appellee's sale of the property at a price far below its market value. After the trial court considered the parties' motions for summary judgment (see *Dickens*, 197 Ga. App. at 519-521), the case proceeded to trial. The jury returned a verdict in favor of appellant for $140,731.30, and thereafter appellee filed a motion for

new trial and motion for judgment n.o.v., arguing that appellant failed to carry her burden of proof that the failure to obtain the fair market value for the property was causally connected to the failure of the appellee to comply with OCGA § 44-14-162 et seq. and that certain real estate appraisals were erroneously admitted into evidence. The trial court granted the motion for new trial, and appellant's direct appeal of that ruling was dismissed by this court for failure to comply with interlocutory appeal procedures. The new trial resulted in a verdict for appellee, and this appeal followed.

1. In her first enumeration of error, appellant contends the trial court abused its discretion in granting appellee's motion for new trial. Appellee contends the ruling cannot be reviewed by this court at this time because it was not originally appealed in the proper manner. We disagree. The dismissal of appellant's direct appeal of the trial court's grant of a new trial does not prevent her "from eventually seeking a review in an appellate court of a judgment granting a new trial; this is so because upon conclusion of the case in the trial court and the entry of a final judgment, an appeal can then be taken from the final judgment, and in such appeal the legality of the judgment granting the new trial can be attacked. [Cit.]" *Henderson v. Henderson*, 231 Ga. 208 (200 SE2d 867) (1973).

Appellant contends the trial court abused its discretion in failing to set forth in writing its reasons for granting the new trial (OCGA § 5-5-51) and in refusing to supplement its order with those reasons after a request by appellant. OCGA § 5-6-41 (f). However, the record does not reflect that this objection was raised below. Appellant cites to no such objection in the record and a letter attached to her appellate brief, even if it raised a proper objection, does not preserve this error for review on appeal. " 'A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record.' [Cit.]" *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77 (3) (403 SE2d 840) (1991). Thus, appellant's objection based on the trial court's failure to set forth its reasons for granting the new trial is deemed waived.

2. Appellant contends the trial court erred in denying her motions for directed verdicts as to liability in both trials on the ground that she did not receive legal notice of the foreclosure and sale of the property pursuant to OCGA § 44-14-162 et seq. "Those Code sections require that no sale of real estate on foreclosure shall be valid unless notice of the sale has been given the debtor." *Dickens*, 197 Ga. App. at 519 (1). It is undisputed that appellant did not receive notice; that she is the owner of the property; and that she resided on the property at the time the note and deed to secure debt were executed. See OCGA § 44-14-162.3. Thus, the sale should have been set aside, and the trial court erred in denying appellant's motions for directed ver-

dict. *Martin v. Fed. Land Bank of Columbia*, 173 Ga. App. 142 (325 SE2d 787) (1984), aff'd, 254 Ga. 610 (333 SE2d 370) (1985). Moreover, upon a finding of wrongful foreclosure, appellant is entitled to recover "the full difference between the fair market value of the property at the time of the sale and the indebtedness to the seller if the fair market value exceeded the amount of the indebtedness. [Cit.]" *Langley v. Stone*, 112 Ga. App. 237, 239-240 (2) (144 SE2d 627) (1965), rev'd on other grounds, *Kennedy v. Gwinnett Commercial Bank*, 155 Ga. App. 327 (1) (270 SE2d 867) (1980). Accord *Aetna Finance Co. v. Culpepper*, 171 Ga. App. 315, 319 (1) (320 SE2d 228) (1984).

Based on the foregoing, appellant's remaining enumerations of error are moot.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 17, 1993 —
RECONSIDERATIONS DENIED APRIL 2, 1993 AND APRIL 19, 1993 —

*Lamb & Associates, T. Gordon Lamb, S. Robert Hahn, Jr.*, for appellants.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Mark D. Newberry*, for appellee.