S93G1181. CALHOUN FIRST NATIONAL BANK v. DICKENS et al.
(443 SE2d 837)

SEARS-COLLINS, Justice.

The facts of this case are set forth in detail in *Dickens v. Calhoun First Nat. Bank,* 208 Ga. App. 489 (431 SE2d 121) (1993). Briefly, when purchasing certain real estate, the appellee, Rebecca Dickens, and her husband executed a promissory note and deed to secure debt in favor of Calhoun First National Bank. Subsequently, Mr. Dickens transferred his interest in the property to Mrs. Dickens by warranty deed. After Mrs. Dickens defaulted, the bank sent Mr. Dickens, but not Mrs. Dickens, notice of the default as required by OCGA § 44-14-162. Thereafter, the bank sold the property at public auction.

Mrs. Dickens brought an action seeking an accounting and damages, and sought a directed verdict on the ground that she did not receive statutory notice of the default and intent to seek attorney fees, the notice having only gone to her husband. The trial court denied her motion, and the jury returned a verdict for the bank. The Court of Appeals reversed, holding that because Mrs. Dickens, as owner of the property, did not receive notice of the foreclosure and sale pursuant to OCGA § 44-14-162, the sale should have been set aside. *Dickens,* 208 Ga. App. at 490. In addition, the Court of Appeals held that Mrs. Dickens was entitled to a directed verdict in the amount, if any, by which the fair market value of the property at the time of sale exceeded the indebtedness. Id. at 491. We granted the bank's petition for a writ of certiorari, and we reverse.

1. Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, OCGA § 23-

2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure, see *Clark v. West,* 196 Ga. App. 456, 457 (395 SE2d 884) (1990); *Curl v. First Federal,* 243 Ga. 842, 843 (257 SE2d 264) (1979). However, "the injured party may not *both* set aside or cancel the foreclosure *and also* recover damages for the value of the property." (Emphasis in original.) *Clark,* 196 Ga. App. at 456.[1]

In this case, Mrs. Dickens did not seek to have the foreclosure set aside, but chose to pursue an action in tort "for damages for wrongful foreclosure" in the amount the sale price exceeded the debt, plus interest.[2] Therefore, the Court of Appeals' decision that Mrs. Dickens is entitled to recover both the property itself and the value of her equity is clearly wrong and must be reversed.

2. Furthermore, we find that the trial court did not err in refusing to grant Mrs. Dickens a directed verdict on her tort claim for damages from wrongful foreclosure. Accordingly, we reverse the Court of Appeals on that issue as well.

There are four elements to any tort action: duty, breach, causation, and damages. With respect to causation, "[t]o recover damages in a tort action, a plaintiff must prove that the defendant's [action] was both the "cause in fact" and the "proximate cause" of her injury. *Atlanta Obstetrics v. Coleman,* 260 Ga. 569 (398 SE2d 16) (1990).

Mrs. Dickens contends that the foreclosure itself caused her injury, and that since the foreclosure was not lawful, she is entitled to damages. We disagree with that reasoning. The bank's failure to provide proper notice constituted a breach of the duty to fairly exercise the power of sale created by § 23-2-114. Having established duty and breach, however, Mrs. Dickens still needed to show a causal connection between the lack of notice and the alleged injury. See *Central Anesthesia v. Worthy,* 254 Ga. 728, 731 (333 SE2d 829) (1985). While Mrs. Dickens may have presented some evidence from which a jury could conclude that the bank's failure to provide notice caused her damage, she has not shown that "there is no conflict in the evidence" on that issue, or that "the evidence introduced, with all reasonable deductions therefrom," demanded that the trial court direct a verdict in her favor. OCGA § 9-11-50 (a).

3. After holding that the foreclosure sale should have been set

---

[1] An injured party may seek both cancellation of a foreclosure sale and recovery of damages not associated with the value of the property for other wrongful conduct by a mortgagor. *Clark v. West,* 196 Ga. App. 456, 457 (395 SE2d 884) (1990).

[2] In her original complaint, the appellee contended that the price paid for the property at the foreclosure sale exceeded the amount of the debt by $37,000, demanded an accounting from the bank, and alleged that the bank's retention of the $37,000 constituted theft by conversion. The appellee added the claim of wrongful foreclosure and demand for damages in amended complaints.

aside and that Mrs. Dickens was entitled to a directed verdict, the Court of Appeals found that Mrs. Dickens' remaining enumerations of error were moot. In light of our decision today, we remand this case to the Court of Appeals for consideration of any issues remaining unresolved.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 31, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Kilpatrick & Cody, Richard R. Cheatham,* for appellant.

*Lamb & Associates, T. Gordon Lamb, S. Robert Hahn, Jr.,* for appellees.

*Long, Aldridge & Norman, W. Stell Huie,* amicus curiae.