A92A2178. DICKENS et al. v. CALHOUN FIRST
NATIONAL BANK.
(448 SE2d 237)

Judge Harold R. Banke.

This case has been before this court several times. See *Dickens v. Calhoun First Nat. Bank*, 208 Ga. App. 489 (431 SE2d 121) (1993); *Dickens v. Calhoun First Nat. Bank*, 197 Ga. App. 517 (398 SE2d 814) (1990); and *Dickens v. Calhoun First Nat. Bank*, 189 Ga. App. 798 (377 SE2d 715) (1989). The operative facts are set forth in those previous opinions and need not be reiterated here.

In the most recent appearance of the case, we held that the plaintiff-appellants were entitled to directed verdict on their claims to set aside a foreclosure sale, and that the appellants were entitled to recover the difference between the fair market value of the property at the time of the sale and the indebtedness, if the fair market value

exceeded the indebtedness. *Dickens*, 208 Ga. App. at 490-491. However, in *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285 (443 SE2d 837) (1994), the Supreme Court reversed, holding that the appellants may not both set aside a foreclosure sale and also recover damages and that the appellants are thus limited to seeking damages. Accordingly, our earlier judgment in this case is vacated and the judgment of the Supreme Court is hereby made the judgment of this court.

The Supreme Court then remanded the matter to this court for consideration of issues previously considered moot. Those remaining issues primarily involve the appellants' proof of damages.

1. At trial, one of the appellants testified that the subject property was worth $420,000 at the time of the foreclosure sale, and an expert witness for the appellants opined that the property's value was $428,000. Two expert witnesses for the appellee, however, testified that the property was worth $251,700 and $227,400, respectively. The appellants also sought to admit into evidence two appraisals of the property made in 1984 and 1985 by a now-deceased appraiser, which indicated values of $296,807 and $385,220, respectively, but the trial court excluded the appraisals as inadmissible hearsay.

The trial court properly did so. Contrary to the appellants' contention, the appraisals were not admissible as business records under OCGA § 24-3-14. "Business records are admissible if the evidence shows the ordinary course of business required the entries to be made (a matter that can be waived) and the records are reflective of an act, occurrence or event, *and not an opinion*, and were properly identified by the person who made them or is conversant with the necessity for their preparation and custody. [Cit.]" (Emphasis in original.) *Finch v. Caldwell*, 155 Ga. App. 813, 815 (273 SE2d 216) (1980).

The appraisals in question represented the opinion of the appraiser and as such constituted hearsay. We also reject the appellants' contention that the appraisals were admissible under OCGA § 24-3-2 to explain the conduct or motive of the appellee's vice-president.

2. The appellants contend that the trial court erred in disallowing the appellants' neighbor from testifying as to the value of her property. A property owner need not be an expert to state an opinion as to the value of his own property. *Iffland v. Lancaster*, 176 Ga. App. 449 (336 SE2d 350) (1985). "However, 'mere ownership of property does not authorize the owner to testify as to its value without giving facts on which he bases his opinion. . . . [A] showing that the witness had some knowledge, experience, or familiarity as to the value of the item is the requisite foundation.' [Cit.]" *White v. Miller*, 194 Ga. App. 816, 817 (392 SE2d 30) (1990). In the instant case, the appellants failed to establish any basis for the neighbor's forming an opinion as to the value of her property, and the trial court thus properly excluded the testimony.

3. We have considered and found without merit the appellants' remaining enumerations of error concerning (1) the trial court's jury instructions on wrongful foreclosure, and (2) the trial court's failure to charge the jury on an alleged violation of a disciplinary rule by one of the appellee's directors who, as an attorney, had assisted the appellants in obtaining a loan on the property.

With regard to the charge on wrongful foreclosure, the trial court properly instructed the jury that in order to recover for such, the appellants had to show an inadequate sale price attributable to the circumstances of the sale. Concerning the actions of the attorney who performed legal services for the appellants and who also served as director and attorney for the appellee, an alleged violation of a disciplinary rule provides no basis for penalizing the appellee. See *Stevens v. Thomas*, 257 Ga. 645 (1) (361 SE2d 800) (1987).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 9, 1994 —
RECONSIDERATION DENIED AUGUST 23, 1994 — 

*Lamb & Associates, T. Gordon Lamb, S. Robert Hahn, Jr.*, for appellants.

*Kinney, Kemp, Pickell, Sponcler & Joiner, Henry C. Tharpe, Jr., Mark D. Newberry*, for appellee.