## A94A2544. FREEMAN v. THE STATE.
### (450 SE2d 346)

JOHNSON, Judge.

A jury found Joseph Anthony Freeman guilty of driving with open containers of alcohol in his vehicle, driving with defective equipment, and driving while his license was suspended. He appeals from his convictions, challenging only the sufficiency of the state's evidence.

Although the trial was not transcribed, Freeman attempted to perfect the record by preparing a stipulation of the case in accordance with OCGA § 5-6-41 (i). The stipulation was signed by the trial judge in accordance with the statute, but it was not filed in the trial court so that it could be included in the record transmitted to this court. Freeman instead attached the stipulation, along with other exhibits purportedly introduced at trial, to his appellate brief. "There is no authority for counsel to file such a stipulation in this court, and the effort of counsel for the appellant to file such stipulation in this court is a nullity." *Martin v. Dept. of Public Safety*, 226 Ga. 723 (2) (177 SE2d 243) (1970). We cannot consider either the stipulation or the additional exhibits which are not part of the official record on appeal. See *Dickens v. Calhoun First Nat. Bank*, 208 Ga. App. 489, 490 (1) (431 SE2d 121) (1993). Where there is no transcript, an appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence. *Nalley v. State*, 147 Ga. App. 634, 635 (249 SE2d 685) (1978). Accordingly, Freeman's convictions must

be affirmed.

*Judgment affirmed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., concur. Beasley, P. J., dissents.*

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent. *Martin v. Dept. of Public Safety*, 226 Ga. 723 (2) (177 SE2d 243) (1970), merely holds that the attempted filing of the stipulation in the appellate court is a nullity. The rules of appellate procedure require that the stipulation be filed with the clerk and sent up in lieu of a transcript. OCGA § 5-6-41 (i).

It would be a simple matter to return appellant's brief, to which is attached the original stipulation of facts signed by the trial judge and both parties as well as the original exhibits, with an order that the stipulation and exhibits be filed in the trial court and transmitted by the clerk as a supplemental record. If this were done, we could reach the merits of the appeal, as we are required to do by OCGA § 5-6-30. We are expressly authorized to take such action. OCGA § 5-6-48 (d).

This is not a case in which something is missing which bars our review. That was the omission in *Dickens v. Calhoun First Nat. Bank*, 208 Ga. App. 489, 490 (1) (431 SE2d 121) (1993), rev'd on other grounds, *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285 (443 SE2d 837) (1994). Nor is it a case in which the absence of a transcript or substitute precludes review of the error enumerated. That was the deficiency in *Nalley v. State*, 147 Ga. App. 634 (249 SE2d 685) (1978). In this case, there are documents, carefully prepared, which comprise the record needed for consideration of the errors claimed; they simply were misrouted.

DECIDED NOVEMBER 23, 1994.

*Lee Sexton & Associates, Donna R. Sims*, for appellant.

*Keith C. Martin, Solicitor, Michael P. Baird, Assistant Solicitor*, for appellee.