## A97A1480. SHEPPARD v. SHEPPARD.

(494 SE2d 240)

BLACKBURN, Judge.

Kenneth Sheppard appeals the trial court's order in which it found him in breach of the separation agreement entered into between the parties. Sheppard contends that the trial court erred in finding the existence of a valid contract, in its determination of the amount of damages, and in awarding attorney fees.

The facts regarding the underlying separation agreement are not in dispute. The parties were married on October 11, 1957, and separated on August 9, 1990. In contemplation of divorce, Shirley Sheppard prepared a separation agreement which was signed by Sheppard. The agreement provided, in pertinent part, that "[a]fter a period of one (1) year from the date the divorce is legalized the property at 1003 Bedford Drive, Augusta, Ga.[1] will be sold whereby the total selling price will be divided equally between myself and Shirley Sheppard. Shirley will also receive an additional $2,500.00." Although the parties were subsequently divorced on October 9, 1990, the separation agreement was not made a part of the divorce decree.

It is further undisputed that the marital home was not sold as contemplated by the separation agreement. On September 9, 1991, Sheppard took out a second mortgage on the marital home in the amount of $20,000, and on November 15, 1991, he took out a third mortgage on the marital home in the amount of $45,000. Each additional mortgage was taken out without the knowledge of Shirley Sheppard. The property was foreclosed upon on September 9, 1996. Shirley Sheppard brought the underlying action to recover damages arising out of Sheppard's alleged breach of the separation agreement.

1. After a hearing, the trial court determined that the separation agreement was an enforceable contract. Sheppard argues that the agreement lacks consideration and that it is void for vagueness.

(a) OCGA § 13-3-42 (a) provides that "[t]o constitute consideration, a performance or a return promise must be bargained for by the parties to a contract." OCGA § 13-3-42 (c) (3) provides that "[t]he performance may consist of: [t]he creation, modification, or destruction of a legal relation." As the separation agreement was entered in contemplation of the parties' uncontested divorce, the trial court did not err in determining it was supported by consideration.

(b) "The test in Georgia to determine whether a contract is unenforceable because of vagueness is as follows: '(It is not) necessary that a contract shall state definitely and specifically all facts in detail to which the parties may be agreeing, but as to such matters, it

---

[1] The property was titled solely in Kenneth Sheppard's name.

will be sufficiently definite and certain if it contains matter which will enable the courts, under proper rules of construction, to ascertain the terms and conditions on which the parties intended to bind themselves.' *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers*, 219 Ga. 665, 672 (135 SE2d 330) (1964) (quoting *Dorsey v. Clements*, 202 Ga. 820, 824 (44 SE2d 783) (1947))." *Davidson Mineral Properties v. Baird*, 260 Ga. 75, 79 (390 SE2d 33) (1990).

It is clear under the terms of the present contract that the parties intended that the marital home be sold after the passage of one year from the date of the divorce decree, and that the parties split the proceeds therefrom with an additional $2,500 going to Shirley Sheppard. As the essential intentions of the parties are established, the trial court did not err in finding that the contract was enforceable.

2. After determining the contract was enforceable, the trial court held a hearing to determine whether the contract was breached, and if so, the fair market value of the marital home at the time of breach. The court determined that the contract was breached as of October 9, 1991, one year after the final decree of divorce was entered. The court determined that as of that date the fair market value of the marital home was $71,200, based on the tax assessment for the home in 1991. The court deducted the amount of the mortgage at that time and seven percent for costs of the sale. On appeal, Sheppard contends that no competent evidence was presented regarding the value of the home in October 1991. He also argues that because the contract did not prohibit him from taking out additional mortgages, the second and third mortgages should have been deducted from the sale price. "The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. *Kimbrell v. Effingham Bd. of Tax Assessors*, 191 Ga. App. 544 (382 SE2d 388) (1989)." *CRS Sirrine v. Dravo Corp.*, 219 Ga. App. 301, 302 (1) (464 SE2d 897) (1995).

Sheppard contends that the trial court's consideration of the 1990 and 1991 tax assessments was improper. We must agree. The tax assessment records are hearsay, and they do not fall under the business record exception to hearsay. See OCGA § 24-3-14. "Business records are admissible if the evidence shows the ordinary course of business required the entries to be made (a matter that can be waived) and the records are reflective of an act, occurrence or event, *and not an opinion*, and were properly identified by the person who made them or is conversant with the necessity for their preparation and custody." (Punctuation omitted.) *Dickens v. Calhoun First Nat. Bank*, 214 Ga. App. 490, 491 (448 SE2d 237) (1994). As the tax assessments contained the assessors' opinions, they were not properly considered by the trial court. Additionally, while the owner of the property can testify as to its value, such opinion must be sup-

ported with the facts upon which it is based. See id. In the present case, Shirley Sheppard testified as to her opinion of the value of the property; however, she did not testify as to the basis of her opinion. Additionally, no evidence was presented regarding the seven percent deducted for cost of sale. Without any evidence to support such a calculation, it is not authorized and is mere speculation.

Although sufficient evidence of the value of the house was not presented, evidence of the available equity in the home was presented to which Shirley was entitled to half. On September 9, 1991, Kenneth obtained a $20,000 loan on the home, and on November 15, 1991, Kenneth obtained an additional $45,000 loan on the home. These mortgages are some evidence of the home's value presented to the trial court. They specifically provide a basis for determining the amount of Shirley's damages, which under the evidence in this case, is one-half of the amount of the new mortgages plus $2,500. Therefore, the trial court is hereby directed to amend its award to Shirley to the $2,500 specifically noted in the agreement plus $32,500.

3. With regard to the trial court's imposition of attorney fees against Sheppard, we must also reverse.

"OCGA § 13-6-11 allows recovery of litigation expenses when a defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. With respect to bad faith, the elements of bad faith that will support a claim for expenses of litigation must relate to [the defendant's] acts in the transaction itself prior to this litigation, not to the motive with which it defended the litigation. *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 200 (3) (450 SE2d 427) (1994). A recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defendant's liability. Whether such a controversy existed is a question for the jury. *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 542 (3) (466 SE2d 27) (1995)." *King Industrial Realty v. Rich*, 224 Ga. App. 629, 635 (6) (481 SE2d 861) (1997).

In the present case, there was no evidence of the amount of litigation expenses incurred. While the trial court is authorized to award reasonable attorney fees based on its expertise, there must be some evidence to support the court's award. See *Wahnschaff Corp. v. O. E. Clark Paper Box Co.*, 166 Ga. App. 242, 243 (2) (304 SE2d 91) (1983) (" 'Since an allowance for damages cannot be based on guesswork (cit.), the plaintiff failed to make out a proper case for these damages,' and they must therefore be stricken from the award").

Therefore, the award of attorney fees must also be reversed.

*Judgment affirmed in part, reversed in part, and remanded with direction. Pope, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 6, 1997 —
RECONSIDERATION DENIED NOVEMBER 20, 1997.

*Surrett & Coleman, Edward J. Coleman III*, for appellant.
Shirley A. Sheppard, *pro se*.