[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12779
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00821-SCJ

CLARENCE CARR,

Plaintiff-Appellant,

versus

U.S. BANK, NA,
as trustee for TBW Mortgage Backed-Trust
Series 2006-6 Mortgage Pass Through
Certificates Series 2006-6,

Defendant-Appellee,

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Clarence Carr appeals the district court's grant of summary judgment in favor of U.S. Bank on his wrongful foreclosure claim, in which he sought a declaration that the nonjudicial foreclosure sale of his home was void or, in the alternative, equitable rescission of the sale and damages.   On appeal, Carr argues that he never received adequate notice that foreclosure proceedings had been instituted and also never received notice of the date of the nonjudicial foreclosure sale.  After careful review, we affirm.

We review de novo a district court's grant of summary judgment and apply the same standard used by the district court.  Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276 (11th Cir. 2001).  The moving party has the burden to show "an absence of evidence to support the nonmoving party's case."  Celotex v. Catrett, 477 U.S. 317, 325 (1986).  The nonmovant must then "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial."  Id. at 324.  The court views all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the nonmovant, and summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file" show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Id. at 322.

2

Under Georgia law, a debtor successfully challenging a wrongful foreclosure based on improper notice may either seek to set aside the foreclosure as invalid or sue for damages in tort. Calhoun First Nat'l Bank v. Dickens, 443 S.E.2d 837, 838 (Ga. 1994). A plaintiff seeking damages must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).

Georgia law permits non-judicial power of sale foreclosures "as a means of enforcing a debtor's obligation to repay a loan secured by real property." You v. JP Morgan Chase Bank, N.A., No. S13Q0040, 2013 WL 2152562, *2 (Ga. May 20, 2013). Non-judicial foreclosures are governed primarily by contract law. Id. The statutory law governing non-judicial foreclosures in Georgia is codified in O.C.G.A. § 44-14-160 through § 44-14-162.4. Id. The statute defines debtor as "the grantor of the mortgage, security deed, or other lien contract." O.C.G.A. § 44-14-162.1. The statute refers to the other party to the foreclosure as the "secured creditor," but does not define that term. You, 2013 WL 2152562 at *3; see generally O.C.G.A. §§ 44-14-160-162.4. The statutory requirements "consist primarily of rules governing the manner and content of notice that must be given to a debtor in default prior to the conduct of a foreclosure sale." You, 2013 WL 2152562 at *2.

Pursuant to the statute, the following notice requirements must be given to the debtor prior to a foreclosure sale:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure.  Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

O.C.G.A. § 44-14-162.2(a).  Additionally, the notice required by § 44-14-162.2(a) "shall be given by mailing or delivering to the debtor a copy of the notice of sale to be submitted to the publisher."  Id. § 44-14-162.2(b).  Moreover, any real estate sale "under powers contained in mortgages, deeds, or other lien contracts [will not be] valid unless the sale [is] advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate . . . is located."  Id. § 44-14-162(a).  Within 90 days of the foreclosure sale, all deeds under power must be recorded by the holder of a deed to secure debt or a mortgage with the superior court clerk of the county where the property is located.  Id. § 44-14-160.  At least one Georgia court has indicated that notice is proper so long as it substantially complies with the requirements of § 44-14-162.2.  See TKW Partners, LLC v. Archer Capital Fund, LP, 691 S.E.2d 300, 303 (Ga. Ct. App. 2010).

4

In light of the limited statutory law governing non-judicial foreclosures, the Northern District of Georgia recently certified several questions to the Supreme Court of Georgia regarding the operation of Georgia's law governing non-judicial foreclosures. You, 2013 WL 2152562 at *1-2. In answering one question, the Georgia Supreme Court concluded that "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." Id. at *6. In answering another, the Georgia Supreme Court said that:

> If that [individual with the authority to negotiate, amend, and modify the terms of the mortgage] is the holder of the security deed, then the deed holder must be identified in the notice; if that individual [with the authority] is the note holder, then the note holder must be identified. If that individual . . . is someone other than the deed holder or the note holder, such as an attorney or servicing agent, then that person . . . must be identified.

Id. Section 44-14-162.2(a) "does not require the individual or entity be expressly identified as having full authority" to modify the mortgage. TKW Partners, 691 S.E.2d at 303 (quotation omitted). Instead, the notice only needs to inform the debtor of the contact information if he wishes to pursue a modification of the security deed. See id.

Here, Carr's security deed contains slightly different provisions for what constitutes a valid notice prior to acceleration of the debt and foreclosure. See Gordon v. S. Cent. Farm Credit, 466 S.E.2d 514, 515 (Ga. Ct. App. 1994) (holding

5

that a security deed with a power of sale is a contract, and that "its provisions are controlling as to the rights of the parties thereto" (quotation omitted)).  The security deed provides that the notice must specify the default, the action required to cure the default, a date not less than 30 days from the date of the notice by which default must be cured, and that failure to cure the default by the specified date may result in sale of the property.  It further says that if the power of sale is invoked, Carr must be given a copy of the foreclosure sale advertisement in the time and manner prescribed by applicable law.

As for Carr's argument that notice was improper because the two notice letters he received did not identify the secured creditor, we are unpersuaded. Indeed, the statute does not require that notice letters must identify the security creditor. You explains that § 44-14-162.2(a) only requires notice letters to identify the entity with the authority to modify the mortgage.  Carr's security deed likewise does not require the secured creditor to identify itself in a notice that foreclosure proceedings have been initiated.  Carr's two notice letters include the name, address, and telephone number of the loan servicer and instruct Carr to contact the loan servicer if he has servicing questions or if he intends to pay the full amount, and are thus in compliance with Georgia law.  The two letters also fulfill the terms of the security deed.  Both letters are thus valid notices.

Nor are we persuaded by Carr's claim that the two notice letters were sent too far in advance of the nonjudicial foreclosure sale and did not include a copy of the foreclosure sale advertisement. The statute and the security deed only require that the notice of the initiation of proceedings be sent at least 30 days in advance of the foreclosure sale, and do not impose any restrictions on how far in advance. See O.C.G.A. § 44-14-162.2(a). Also, while the statute and the security deed require the secured creditor to send the debtor a copy of the foreclosure sale advertisement, neither requires that the copy of the foreclosure sale advertisement and the notice of initiation of proceedings be sent together. See id. § 44-14-162.2(b). In fact, the statute appears to contemplate that they will be mailed separately, as the notice of initiation of proceedings letter must be mailed certified, registered, or overnight, but the copy of the foreclosure sale ad need only be "mailed or delivered." See id.

To the extent that Carr is arguing the letters were invalid notices because they did not identify a specific date of sale, the statute does not expressly require that a notice of the initiation of proceedings give this information. See id. § 44-14-162.2(a). Instead, the statute requires, in similar fashion as the security deed, that notice of the actual date of sale be given by mailing a copy of the foreclosure sale advertisement. See id. § 44-14-162.2(b). Carr does not point to any evidence that he never received a copy of the foreclosure sale advertisement itself. U.S. Bank, however, submitted a copy of the Deed Under Power regarding the foreclosure sale

7

of Carr's property which recites that notice was given pursuant to O.C.G.A. § 44-14-162 et seq., and that a copy of the advertisement was mailed at least 30 days before the sale date. Thus, Carr received notice of the date of the foreclosure sale, through a copy of the foreclosure sale advertisement, as required by the statute.

Carr's final argument -- that the notices were improperly sent by a law firm -- fails because Georgia law permits agents to send notice on behalf of the secured creditor. See Reese v. Provident Funding Assoc., LLP, 730 S.E.2d 551 (Ga. Ct. App. 2012) (quoting with approval that it is "of no consequence who actually sends the notice, and that task may properly be delegated to a servicing agent (or, as is often the case, an attorney)" (quotation omitted)), vacated and remanded on other grounds, No. S12C2028 (Ga. May 20, 2013).

In short, the district court did not err in concluding that Carr failed to create a genuine issue of material fact as to whether he received adequate notice of the nonjudicial foreclosure sale. Further, because Carr has not shown a breach of duty with regard to U.S. Bank's obligation to provide him with adequate notice, he is also is not entitled to damages. To the extent that Carr asserts a separate breach of duty, he does not challenge, in his initial brief on appeal, the district court's conclusion that he had not shown any causal connection between any breach of duty and his damages. Accordingly, we affirm.

**AFFIRMED.**

8