**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 17, 2025**

# In the Court of Appeals of Georgia

A25A0424. NGUYEN v. BANK OF AMERICA CORPORATION
et al.

DOYLE, Presiding Judge.

Mortgage borrower Phoung Nguyen sued Bank of America Corporation
("BOA"); the Federal National Mortgage Association ("FNMA"); Ditech Financial,
LLC ("Ditech"); NewRez, LLC; and McCalla Raymer Leibert Pierce, LLC
("McCalla"), asserting various claims stemming from their alleged wrongful
foreclosure on her house. After the defendants moved to dismiss the claims under
OCGA § 9-11-12 (b) (6), the trial court entered an order that unwound the foreclosure
and restored her title (subject to the original security deed) and dismissed her
remaining claims as moot. Nguyen now appeals, contending that the trial court erred

by holding that all of her claims were mooted by the restoration of her title. For the reasons that follow, we agree in part.

"We review the trial court's denial of a motion to dismiss for failure to state a claim de novo, construing the complaint in the plaintiff's favor."[1] So viewed, the record shows that in January 2004, Nguyen bought a home encumbered by a mortgage from Countrywide Home Loans, Inc. In 2010, BOA and McCalla directed Nguyen to pause her mortgage payments so that she could qualify for a mortgage assistance program. Meanwhile, McCalla and BOA initiated a foreclosure of Nguyen's home. McCalla and BOA proposed a loan modification to Nguyen; however, they ultimately foreclosed on the property, and title was transferred to BOA by a deed under power. BOA then transferred title to FNMA, who was also represented by McCalla, and a deed reflecting the transfer was recorded in May 2010.

Nguyen alleged in her complaint that she was unaware of the foreclosure, and she eventually consummated the loan modification with BOA, which continued to send her statements despite the fact that BOA already had obtained title and

---

[1] *Z-Space, Inc. v. Dantanna's CNN Center, LLC*, 349 Ga. App. 248, 248 (825 SE2d 628) (2019).

transferred the property to FNMA. During this time, Nguyen continued to make her mortgage payments to BOA.

In 2011, BOA transferred the mortgage to Greentree Mortgage Company L/P, which later transferred the mortgage to defendant Ditech. Nguyen continued to make mortgage payments to Greentree and Ditech throughout this time. Ditech then transferred the mortgage to defendant New Rez, which began collecting mortgage payments from Nguyen.

In 2019, Nguyen attempted to sell her home and learned that she lacked title to the home and could not close the sale. After Nguyen was unable to resolve the matter with the defendants, she filed this action, enumerating claims for breach of contract (Count 1), negligence (Count 2), wrongful foreclosure (Count 3), fraud (Count 4), constructive fraud (Count 5), money had and received (Count 6), breach of fiduciary duty (Count 7), unjust enrichment (Count 8), breach of implied covenant of good faith and fair dealing (Count 9), conversion (Count 10), theft by deception (Count 11), attorney fees (Count 12), and punitive damages (Count 13).

The defendants filed answers[2] and motions to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6). Following an untranscribed hearing in May 2023, the trial court came to believe that the parties could settle the claims, so it invited them to submit a proposed consent order. The parties were unable to agree on a proposed order, so they eventually proposed separate orders, with each order including some version of rescinding the foreclosure but not addressing all claims explicitly.[3] In May 2024, the trial court entered an order styled as "Consent Order to Return Title." The order recounted that the parties had "consented to and agreed to the entry of this Consent Order," but it was signed only by the judge, not the parties. After ordering that the foreclosure be unwound and the rights of the parties be returned to the original status, the order concluded, "[t]he Court further FINDS that as a result of dismissing this order [sic] the pending motions to dismiss are rendered MOOT. This order shall resolve all issues in this case."

Three days later, Nguyen moved the court to reconsider the order, noting her lack of consent and stating: "[Nguyen] has never agreed to resolve all issues in this

---

[2] Ditech filed a notice of bankruptcy.

[3] In part, the proposed orders differed as to whether the defendants had acted "wrongfully."

case upon the return of her wrongfully taken home." The defendants responded, acknowledging that Nguyen had not consented to the order, and they requested that the court enter a modified order noting the lack of consent, preserving the unwinding of the foreclosure, and dismissing the remaining claims with prejudice.

Thereafter, the trial court entered an order styled "Final Order to Return Title of Property to Plaintiff." The order substantively was the same as the original, but it noted that it was "amended to correct a scrivener's error that indicates that a previously filed order was a consent order, when it was in fact intended by this Court to be a Final Order." The order concluded by summarily stating, "[t]he Court further FINDS that as a result of dismissing this order [sic] the pending motions to dismiss are rendered MOOT. This order shall resolve all issues in this case." Nguyen now appeals.

Nguyen contends that the trial court erred by holding that all of her claims were mooted by the unwinding of the foreclosure. We agree in part.

As a threshold matter, we note that successfully moving to dismiss for failure to state a claim is difficult by design.[4]

---

[4] See generally *Norman v. Xytex Corp.*, 310 Ga. 127, 130 (2) (848 SE2d 835) (2020) ("[T]he well-established test that must be satisfied before a motion to dismiss

A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. In other words, a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.[5]

As noted above, Nguyen has filed claims for breach of contract (Count 1), negligence (Count 2), wrongful foreclosure (Count 3), fraud (Count 4), constructive

---

can be granted is a demanding one."), citing *Dillingham v. Doctors Clinic, P. A.*, 236 Ga. 302, 303 (223 SE2d 625) (1976) ("[T]he objective of the CPA is to avoid technicalities and to require only a short and plain statement of the claim that will give the defendant fair notice of what the claim is and a general indication of the type of litigation involved; the discovery process bears the burden of filling in details.").

[5] (Citations and punctuation omitted.) *Austin v. Clark*, 294 Ga. 773, 774-775 (755 SE2d 796) (2014).

fraud (Count 5), money had and received (Count 6), breach of fiduciary duty (Count 7), unjust enrichment (Count 8), breach of implied covenant of good faith and fair dealing (Count 9), conversion (Count 10), theft by deception (Count 11), attorney fees (Count 12), and punitive damages (Count 13). Although we offer no opinion about the substantive merits of these claims, to the extent that they seek remedies that go beyond mere title to property, they are not mooted by the restoration of Nguyen's title.[6]

For example, even though Nguyen's claim for wrongful foreclosure has been satisfied by the restoration of her title (including any appreciation to the value of the property),[7] it remains possible that Nguyen could demonstrate some other injury she incurred due to the wrongful acts Nguyen alleged in her complaint. She alleges that

---

[6] Some of these claims, of course, may be duplicative and nothing herein should be construed to allow a double recovery. See, e.g., *Calhoun First Natl. Bank v. Dickens*, 264 Ga. 285, 286 (1) (443 SE2d 837) (1994) (noting that a plaintiff cannot recover both the value of property and the property itself).

[7] See *Dickens*, 264 Ga. at 286 (1) ("[T]he injured party [asserting a wrongful foreclosure claim] may not both set aside or cancel the foreclosure and also recover damages for the value of the property.") (emphasis omitted). This says nothing of other damages, which the *Dickens* court held were potentially available if proved by the evidence: "Mrs. Dickens may have presented some evidence from which a jury could conclude that the bank's failure to provide notice caused her damage. . . ." Id. at 286 (2).

she was induced to take certain action by the wrongful acts of certain defendants ; her credit score has been adversely impacted ; she has incurred reputational damage ; she has incurred attorney fees ; and the defendants' allegedly wrongful conduct warrants punitive damages. Taken on the face of the complaint,[8] these claims seek remedies that go beyond mere title to property.

The dismissal order in this case addressed only the foreclosure itself, but it did not separately address any of the other remedies Nguyen seeks. Also, it took no action with respect to the substantive issues raised by the dismissal motions, such as the application or tolling of statutes of limitation.[9] Accordingly, in light of the absence of a transcript and the truncation of proceedings in pursuit of settlement, we remand to the trial court for consideration of the remaining issues in the first instance. "[T]he

---

[8] See *Austin*, 294 Ga. at 774-775.

[9] See generally *Rocha-Cruz v. Ducati North America, Inc.*, 375 Ga. App. 100, 102-104 (914 SE2d 394) (2025) ("A statute of limitation defense goes to the merits of the claim[] and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6). . . . A plaintiff bringing an action for fraud has the burden of showing the existence of facts that would toll the statute of limitation.") (punctuation omitted); *Toliver v. Dawson*, 370 Ga. App. 451, 452 (896 SE2d 714) (2023) ("Whether a statute of limitation bars an action generally is a mixed question of law and fact. . . .").

cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more — counsels us to go no further."[10]

*Judgment affirmed in part, vacated in part, and case remanded with direction.*

*Markle and Padgett, JJ., concur.*

---

[10] (Punctuation omitted.) *Moore v. McKinney*, 335 Ga. App. 855, 857 (2) (783 SE2d 373) (2016). See generally *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002) (noting appellate courts' discretion in remanding questions raised in but not addressed by the trial court).