A97A1489. THOMAS v. DEPARTMENT OF HUMAN RESOURCES.
(492 SE2d 288)

POPE, Presiding Judge.

Defendant Darren Thomas, the former administrator of the Caring Hands personal care home, appeals an order holding him in crim-

inal contempt for failing to comply with a prior order mandating a reduction in the number of residents in the home. Although Thomas ran the day-to-day operations of the home under the owners' direction, the undisputed evidence shows that Thomas did not have the authority to make the decisions and take the actions necessary to reduce the number of residents as ordered. We therefore reverse the trial court's order holding Thomas in criminal contempt.

This appeal arises from a lengthy dispute between the Georgia Department of Human Resources ("the department") and Wayne and June Putnam, the owners and officers of Caring Hands, Inc. ("the corporation").[1] See *Caring Hands v. Dept. of Human Resources*, 222 Ga. App. 608 (475 SE2d 660) (1996); *Caring Hands v. Dept. of Human Resources*, 214 Ga. App. 853 (449 SE2d 354) (1994). The department succeeded in obtaining an injunction against the Putnams and the corporation, ordering them to reduce to six the number of residents in the home. When the Putnams and the corporation failed to comply, the court held the Putnams in civil contempt; and when that contempt order was affirmed, the Putnams were incarcerated and the corporation was fined.

Nonetheless, the home continued to operate, with more than six residents. Thomas was the on-site administrator, performing clerical functions and janitorial duties as well as caring for residents. But even while the Putnams were in jail, they continued to make all policy decisions and called Thomas every day with instructions. By the time of the hearing on Thomas' contempt, Thomas — at the direction of the Putnams — had already reduced to six the number of residents at the home by notifying the residents' families they needed to be moved. Yet despite the undisputed evidence that Thomas was not a decision maker,[2] the court held him in criminal contempt.

In order to establish criminal contempt, there must be proof beyond a reasonable doubt not only that the alleged contemnor violated a court order, but also that he did so wilfully. See *In re Henritze*, 181 Ga. App. 560 (353 SE2d 58) (1987). And to show wilfulness, there must be proof beyond a reasonable doubt that the alleged contemnor had the ability to comply with the court order:[3] " ' "It is essential to

---

[1] Thomas was never an officer or shareholder of the corporation.

[2] As the department points out, the Putnams' affidavits attached as exhibits to Thomas' brief cannot be considered as evidence. See *Johnson v. Wade*, 184 Ga. App. 675, 676 (1) (362 SE2d 469) (1987). Even without these affidavits, however, the undisputed testimony at the hearing establishes Thomas' lack of decision-making authority.

[3] Where the alleged contemnor was not a party to the action in which the allegedly violated order was issued, it must also be shown beyond a reasonable doubt that the alleged contemnor had actual knowledge of the contents of the violated order. See, e.g., *In re Smith*, 211 Ga. App. 493, 496 (4) (a) (439 SE2d 725) (1993). In this case, Thomas does not dispute his awareness of the violated order.

constitute a contempt that the thing ordered to be done be within the power of the person against whom the order is directed." [Cits.]' " Id. at 562; accord *In re Brookins*, 153 Ga. App. 82, 87 (264 SE2d 560) (1980). In this case, there was no evidence that Thomas had the power to reduce the number of residents in the home until the Putnams directed him to do so; to the contrary, all the evidence on the subject was that he did not. It follows that the trial court erred in holding Thomas in contempt.

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 15, 1997.

Darren Thomas, *pro se*.

*Thurbert E. Baker, Attorney General, Velma C. Tilley, Mary F. Russell*, for appellee.