A03A0317. IN RE FITTS.
(576 SE2d 920)

ELDRIDGE, Judge.

Edward M. Fitts, an attorney, appeals the judgment of contempt entered against him when he failed to appear for trial on July 29, 2002, in DeKalb County Superior Court, for the case of *Selina Carol Moon v. Maso Roscoe Moon, Jr.*, Civil Action File No. 01CV-11913-4 ("*Moon* case"). Fitts alleges that the trial court abused its discretion in finding him in contempt because he complied with all of the requirements of Uniform Superior Court Rule 16.1 in his notice of leave of absence and was granted a valid leave of absence for the *Moon* case. We find Fitts' arguments without merit and affirm.

The appropriate standard of appellate review on appeal of a criminal contempt conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cits.]" (Punctuation omitted.) *In re Gouge*, 206 Ga. App. 462, 463 (1) (425 SE2d 882) (1992); see *In re Healy*, 241 Ga. App. 266, 268 (526 SE2d 616) (1999); *In re Washburn*, 219 Ga. App. 428, 429 (465 SE2d 459) (1995). "Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad

---

[19] (Citations omitted.) *Isom v. State*, 261 Ga. 596, 597 (1) (408 SE2d 701) (1991).
[20] *Campbell v. State*, 268 Ga. 44, 45 (1) (485 SE2d 185) (1997).

sense it means disregard for or disobedience of the order or command of the court." (Citations and punctuation omitted.) *In re Gouge*, supra.

In order to obtain a valid leave of absence for 30 days or less, an attorney of record must comply with USCR 16.1, which provides that:

[a]n attorney of record shall be entitled to a leave of absence for thirty days or less from court appearance in pending matters which are neither on a published calendar for court appearance, nor noticed for a hearing during the requested time, by submitting to the clerk of the court at least thirty (30) calendar days prior to the effective date for the proposed leave, a written notice containing:

(a) a list of the actions to be protected, including the action numbers;

(b) the reason for leave of absence; and

(c) the duration of the requested leave of absence.

A copy of the notice shall be sent, contemporaneously, to the judge before whom an action is pending and all opposing counsel. Unless opposing counsel files a written objection within ten (10) days with the clerk of the court, with a copy to the court and all counsel of record, or the court responds denying the leave of absence, such leave will stand granted without entry of an order. If objection is filed, the court, upon request of any counsel, will conduct a conference with all counsel to determine whether the court will, by order, grant the requested leave of absence.

USCR 16.1.

After a hearing on August 14, 2002, the trial court entered an August 16, 2002 order of contempt, setting out the following finding of facts. The *Moon* case appeared on the trial court's July 29, 2002 trial calendar. Fitts was provided with published notice of the trial date and was personally advised by the trial court's calendar clerk that he was to appear. The calendar clerk informed Fitts that the trial court had not approved his leave of absence and that counsel for plaintiff opposed any continuance of the trial of the case. After being informed of these facts, Fitts refused to appear, citing prior travel plans.

The trial court further found that Fitts maintained that he had previously submitted a leave of absence for the trial period which had been approved by the trial court. In support of his assertion, Fitts submitted to the trial court a notice of leave of absence and cover letter to the clerk of superior court, dated December 11, 2001. However,

while the certificate of service attached to the notice of leave of absence referenced an Exhibit A, no Exhibit A showing the actions to be protected by the leave of absence was attached. The trial court further found that, even if an Exhibit A had been attached, it could not have referenced the *Moon* case as the defendant, whom Fitts represented, had not been served on December 11, 2001. The trial judge went on to find that Fitts had never submitted a leave of absence to him and that the trial court had no prior knowledge of any request by counsel. Based on these findings, the trial court held that Fitts had failed to comply with USCR 16.1 and that Fitts intentionally refused to appear for trial on July 29, 2002, as ordered by the trial court. Finding Fitts in wilful contempt of court, the trial court ordered as punishment that Fitts pay a fine of $250.

There is nothing in the record before us which contradicts the trial court's findings. In compliance with Fitts' notice of appeal, the record before us is very limited. In addition to the notice of appeal and the above-referenced contempt order and its attachments which consist of the notice of leave of absence and cover letter Fitts submitted to the trial court (neither of which shows on its face that it was filed with the clerk of superior court), the only other document included in the record is a June 28, 2002 letter, filed of record on August 19, 2002 (after the trial calendar date), from Fitts addressed to Susan Riggle of the Superior Court of DeKalb County. In such letter, Fitts references the *Moon* case and states that he has been granted a leave of absence for July 29, 2002. Fitts did not request that a filed copy of his notice of leave of absence with the attached Exhibit A showing that the *Moon* case was protected, the certificate of service on defendant, the defendant's answer or Fitts' entry of appearance (showing the date he became attorney of record), or a transcript of the August 14, 2002 contempt hearing be included as part of the record on appeal. "A party alleging error carries the burden of showing it affirmatively by the record, and when that burden is not met, the judgment is assumed to be correct and will be affirmed." (Footnote omitted.) *Boles v. Lee*, 270 Ga. 454, 455 (1) (511 SE2d 177) (1999); see *Freeman v. State*, 215 Ga. App. 341 (450 SE2d 346) (1994).[1]

Based on the record before us and the trial court's findings of fact, the evidence, viewed in the light most favorable to the prosecu-

---

[1] Fitts has attempted to expand the appellate record by attaching additional documents he wishes us to consider to his appellate brief. "We cannot consider . . . additional exhibits which are not part of the official record on appeal. [Cit.]" *Freeman v. State*, supra at 341. "[P]arties cannot supplement the record merely by attaching matters to or reciting matters in their briefs." (Citations and punctuation omitted.) *Hixson v. Hickson*, 236 Ga. App. 894, 895 (512 SE2d 648) (1999).

tion, would allow a rational trier of fact to find beyond a reasonable doubt that Fitts did not have a valid leave of absence in the *Moon* case for July 29, 2002, and that he was being wilfully disrespectful and disobedient to the court when he failed to appear for trial on such date, after receiving legal notice of such trial date and being specifically ordered by the trial court to be present.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 5, 2003.

*Edward M. Fitts*, pro se.
*Lytia G. Brown*, for appellee.