A07A1626. IN RE HADAWAY.
A07A1627. IN RE JOHNSON.
(659 SE2d 863)

BARNES, Chief Judge.

As these two appeals arise from the same case, we have consolidated them for disposition on appeal. They arise from the attempted adoption of a six-year-old, female child. The appellants appeal the trial court's order finding them in criminal contempt, and for the reasons that follow, we reverse.

The child's mother, apparently recognizing that she was unable to properly care for the child, asked Elizabeth Hadaway to take physical custody of the child in May 2006. On June 19, 2006, with the mother's support, the Wilkinson County Superior Court granted Hadaway's petition for physical and legal custody of the child. Attorney Dana Johnson prepared the petition and has represented Hadaway throughout these proceedings. The court granted the petition finding that it was "in the best interest of the child that legal and physical custody of the child be placed in the plaintiff Elizabeth Hadaway."

Later, the mother signed a document surrendering her parental rights to facilitate Hadaway's petition to adopt the child. During the adoption proceedings, a home evaluation was conducted. The evaluation reflected that Hadaway lived with a female partner with whom she shared a bedroom and contained information about Hadaway and her partner, and approved "Ms. Hadaway, and her home, for the adoption of [the child]."

On January 12, 2007, the Wilkinson County Superior Court denied the petition for adoption because it found that the adoption would not be in the best interest of the child. The court also vacated

the grant of custody to Hadaway because the court found that custody was granted to Hadaway in anticipation of the adoption.

The court found fault with Hadaway's filing for adoption as an individual when the home visitation report contained information about both Hadaway and her partner as if they were adopting as a couple, and for not disclosing that information in the adoption petition. The court's order further provided:

> [C]ustody of the said minor child shall revert to the natural mother . . . , if she picks up said minor child within ten (10) days from the date of the instant order and thereafter has the said child in her continuous care, custody, and control; the Wilkinson County Department of Family and Children Services and the Wilkinson County Sheriff shall inspect to see in [sic] the order is complied with in a timely, consistent, and good faith manner, and, if the said natural mother should fail to so pick up the said child or exercise continuous, good faith care, custody, and control of the said child, then the said child shall immediately be taken into shelter care and proceedings shall be initiated in Juvenile Court to determine the proper disposition of her as a deprived child under the Juvenile Code.

On January 12, 2007, within the time specified in the court's order Hadaway, Johnson, and the mother met and Hadaway delivered the child to the mother. After Johnson left, the mother decided that the separation was not in the child's best interest because the separation from Hadaway resulted in significant distress to the child. Consequently, she asked Hadaway to take physical custody of the child again, and Hadaway did.

Having moved to Bibb County, Hadaway filed a petition in the Bibb County Superior Court on January 19, 2007, prepared by Johnson, seeking to change custody to her from the natural mother, noting that she had been granted custody in Wilkinson County, but the order was vacated when the Court decided that the custody change was not in the child's best interest.

On February 21, 2007, the Wilkinson County Superior Court granted custody of the child to the Wilkinson County Department of Family and Children Services ("DFCS"), ordering the department to take physical custody of the child because the "mother of child violated an order of Superior Court of Wilkinson County."

Thereafter, the Wilkinson County Superior Court ordered that Hadaway and her counsel, Johnson, show cause why they should not be held in criminal contempt for "disobeying and resisting" the court's order denying the adoption petition because Hadaway

has kept care, custody, and control of the minor child . . . in violation of the said order and (b) instead of filing a lawful appeal in the instant case, [Hadaway] and her said counsel have filed on January 19, 2007, a Petition for Immediate Change of Custody for said child in . . . Bibb Superior Court, Georgia, although the instant case and its companion case [in Wilkinson Superior Court], were res judicata on this issue, and the said new petition, although verified, failed to reveal honestly and in good faith to Bibb Superior Court about the instant adoption case, as required specifically by OCGA § 19-9-69, and "the date of the child custody determination," as also required by said statute. [Hadaway's] counsel [Johnson] should also respond to whether she has violated OCGA § 15-19-4 (1) and (2) on duties of attorneys.

[Johnson] is also ordered to appear . . . and show cause why she should not be held in contempt of court for misbehavior as an officer of the court in her official transactions in the Court as above stated.

On February 23, 2007, the Wilkinson County Superior Court amended its show cause order to allege that Johnson "intentionally aided or abetted in the commission" of Hadaway's contemptuous conduct in keeping care, custody, and control of the child. Johnson filed an answer denying the allegations in the court's show cause orders.

At the show cause hearing Hadaway testified that she did not realize she was doing anything wrong. She took the child back to the biological mother like she was told to do, and the mother said she was going to take her, but after Johnson left, the mother said she "just couldn't break the bond between [Hadaway] and the child, and that she wanted the child to be raised" by Hadaway. According to Hadaway, Wilkinson County DFCS told her that she could "just move," which she had already done, and re-file for custody as long as she included in the paperwork the denial of the adoption. She did not notify DFCS because it already knew that the mother did not take the child. Hadaway testified that she was not a lawyer and just did what she was told was appropriate. Hadaway also apologized to the court if she did anything wrong.

Johnson testified that she had helped Hadaway make arrangements for the mother to come to Georgia and pick up the child from Hadaway and take custody of her. She also testified that she was no longer present when the mother and Hadaway decided that Hadaway should regain custody of the child. The mother had already stated that she still wanted Hadaway to have custody of the child, and it was

Johnson's understanding that the child would go with her mother to Florida, that Hadaway had moved to Bibb County, and that Johnson would prepare a petition for custody to be filed in Bibb County.

After the show cause hearing, the trial court found Hadaway in criminal contempt for violating its order and sentenced her to ten days in jail or five days in jail and a $500 fine. The court found that she had "disobeyed and resisted" the court's order by never relinquishing custody of the child nor returning the child to her mother. The court further found that instead of appealing the order denying the adoption, Hadaway and Johnson had filed the Bibb County case. The court further found that its rulings in the Wilkinson County adoption and custody cases were res judicata unless reversed by an appellate court or set aside by the trial court. Hadaway's motion for supersedeas pending appeal was granted. The court made similar findings regarding Johnson and imposed the same punishment. Her motion for supersedeas was also granted.

Hadaway contends that the court erred by finding her in criminal contempt because she did not violate the court's order because it was not sufficiently definite and certain, she did not wilfully violate the underlying order, the underlying order was void, and the underlying order was not supported by any evidence and was clearly erroneous. Johnson alleges that the trial court erred by finding her in contempt, by finding Hadaway unfit, and by putting in the order "self-executing terms for further changes of custody."

OCGA § 15-1-4 (a) provides that courts have the power to inflict summary punishment for contempt of court in cases of:

(1) Misbehavior of any person or persons in the presence of such courts or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of the officers of the courts in their official transactions;

(3) *Disobedience or resistance by any officer of the courts, party, juror, witness, or other person or persons to any lawful writ, process, order, rule, decree, or command of the courts*;

(4) Violation of subsection (a) of Code Section 34-1-3, relating to prohibited conduct of employers with respect to employees who are required to attend judicial proceedings; and

(5) Violation of a court order relating to the televising, videotaping, or motion picture filming of judicial proceedings.

(Emphasis supplied.)

Further,

> [o]n appeal from a conviction of criminal contempt, we review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Barlow v. State*, 237 Ga. App. 152, 157 (3) (513 SE2d 273) (1999). "Criminal contempt is that which involves some disrespectful or contumacious conduct toward the court. Contempt of court has been variously defined; in its broad sense it means disregard for or disobedience of the order or command of the court." (Citation and punctuation omitted.) Id. It is " 'a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both.' *Bloom v. Illinois*, 391 U. S. 194, 201 (88 SC 1477, 20 LE2d 522) (1968)." *Garland v. State*, 253 Ga. 789, 790 (1) (325 SE2d 131) (1985). Every court has the power "to preserve and enforce order in its immediate presence and, as near thereto as is necessary, to prevent interruption, disturbance, or hindrance to its proceedings." OCGA § 15-1-3 (1). "Disobedience to the lawful order of a court is an obstruction of justice, and for such a violation the court, in order to compel respect or compliance, may punish for contempt." *Griggers v. Bryant*, 239 Ga. 244, 246 (1) (236 SE2d 599) (1977).

*In re Long*, 276 Ga. App. 306, 309-310 (623 SE2d 181) (2005).

We find that Hadaway and Johnson's primary contentions have merit. The order was directed toward the actions required of the natural mother. It did not address Hadaway's or Johnson's obligations. If anyone violated the order, it was the natural mother. Therefore, neither Hadaway nor Johnson should have been found in contempt of that order. *American Express Co. v. Baker*, 192 Ga. App. 21, 23 (2) (383 SE2d 576) (1989) ("A person cannot be found in contempt of a court order or writ which was not directed to him.").

Hadaway and Johnson's contention that they did not wilfully disobey the court's order also has merit. To prove a "criminal contempt, there must be proof beyond a reasonable doubt not only that the alleged contemnor violated a court order, but also that he did so wilfully." *Thomas v. Dept. of Human Resources*, 228 Ga. App. 518, 519 (492 SE2d 288) (1997). In these appeals, there is no evidence that either Hadaway or Johnson wilfully violated the Wilkinson County Superior Court's order. The fact that they filed another petition to change custody, rather than file an appeal, does not mean that they

wilfully violated the order. Moreover, the pleadings filed in Bibb County do not demonstrate that either Hadaway or Johnson wilfully violated the Wilkinson County Superior Court's order. Accordingly, the trial court's judgment finding them in contempt must be reversed.

*Judgments reversed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2008.

*Gerald R. Weber, Jr., Margaret F. Garrett*, for appellant (case no. A07A1626).

*Charles M. Cork III*, for appellant (case no. A07A1627).