A09A2352. CABINESS v. LAMBROS.

(692 SE2d 817)

BARNES, Judge.

R. Flay Cabiness appeals the order of the trial court finding him in contempt. He alleges the trial court erred by finding that he was in contempt of the trial court's receivership order, which enjoined "all persons . . . from creating or enforcing liens upon the Receivership Properties without leave of the Court," and by finding that he violated the order when he "failed and refused" to cancel his clients' notice of liens. He further contends the trial court erred by finding that he need not be a party to the injunction or in privity with an enjoined defendant to be subject to the injunction, by finding that constructive knowledge of the injunction was sufficient to support a finding of wilful contempt, and by finding that his conduct was wilful. Finally, he asserts the trial court erred by imposing sanctions under OCGA § 9-15-14 and by having improper ex parte communications with the receiver.

Michael G. Lambros[1] contends that Cabiness received actual notice of the order prohibiting the filing of liens against the receivership's property and that notwithstanding that notice, Cabiness's client filed liens against the property which Cabiness failed to remove. He further contends that as a receiver and a "servant of the court," he is not a party prohibited from having ex parte discussions with the court.

Cabiness was local counsel for Patco Energy Express LLC, Patco Energy Express II, LLC, and Patco Energy Express III, LLC ("the Patco Entities"). The circumstances underlying the issuance of the

---

App. 124, 125 (4) (296 SE2d 107) (1982).

[1] Although asserting that as the receiver he is not a party to the appeal, Lambros filed an appellee's brief in this case.

injunction are stated in *Cisco v. State of Ga.*, 285 Ga. 656 (680 SE2d 831) (2009):

> The Camden County District Attorney in the name and on behalf of the State of Georgia filed an in personam RICO forfeiture complaint against [certain named] defendants . . . , along with nine other individuals and twelve businesses, who are the current or former owners, officers or operators of three truck stops in south Georgia. [The complaint also included in rem forfeiture proceedings against the three truck stops.] In the complaint, the district attorney alleged that the fuel pumps at said truck stops were intentionally altered by defendants to indicate that customers were receiving a larger quantity of gasoline or diesel fuel than was actually dispensed; that defendants represented to customers that they were receiving premium grade gasoline while in fact they were receiving a lower octane gasoline; and that defendants have operated said truck stops as a continuous enterprise through a pattern of criminal activity including fraud and theft. Asserting that the above-listed defendants in personam individually constitute an enterprise as that term is used in the RICO Act, the district attorney alleged that defendants conducted or participated in the affairs of "The Enterprise" through a pattern of racketeering activity consisting of the following predicate acts, which, among the matters itemized by the district attorney, include the criminal acts of theft by deception and theft of services in violation of OCGA § 16-8-1 et seq. and the unauthorized use of financial transaction cards in violation of OCGA § 16-9-33.

(Punctuation and footnotes omitted.) Id. at 656.

Mr. Cabiness's clients, the Patco entities, were not among the defendants involved in the RICO action, but as part of those proceedings, the trial court issued the receivership order placing the RICO defendants' assets under the control of the receiver and prohibited *all persons* from creating liens against the property in the receivership. After the property of some of the defendants was released from the receivership's control, Cabiness's clients obtained an agreement to operate those stations. Subsequently, the receiver foreclosed on those stations, demanding possession and directing Cabiness's clients to vacate them.

Then, Cabiness asserts, to protect the Patco entities' interest in improvements made at the stations, one of his clients, pro se, filed a notice of lien against the properties. Cabiness then forwarded copies

of the lien notice to the receiver. Based upon this conduct, the receiver moved to have Cabiness held in contempt for violating the injunction. The court granted the motion, held Cabiness in contempt, and ordered him to pay a $500 fine as well as costs and attorney fees under OCGA § 9-15-14.

1. Because sanctions were imposed against him for his past conduct, Cabiness was found in criminal contempt. "The distinction between criminal and civil contempt is that criminal contempt imposes unconditional punishment for prior acts of contumacy, whereas civil contempt imposes conditional punishment as a means of coercing future compliance with a prior court order." (Citation and punctuation omitted.) *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462 (2) (491 SE2d 60) (1997). "[C]riminal contempt is a crime in the ordinary sense. Like all crimes, contempt has an act requirement (actus reus) and a mental component (mens rea)." (Citation and punctuation omitted.) *In re Jefferson*, 283 Ga. 216, 218 (657 SE2d 830) (2008).

On appeal of a criminal contempt conviction, the appropriate standard of appellate review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cits.]" (Punctuation omitted.) *In re Irvin*, 254 Ga. 251, 256 (328 SE2d 215) (1985). Further, "[b]efore a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties thereby imposed upon him, and the command must therefore be express rather than implied. [Cit.]" (Punctuation omitted.) *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007). Indeed, "the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain." Id.

The receivership order in this case did not apply directly to Cabiness, and the record shows that he, personally, neither filed the notice of lien nor took action to have it filed, but that his client filed it pro se on the advice of another attorney. Consequently, Cabiness did not violate the receivership order. *Huffman v. Armenia*, 284 Ga. App. 822, 824 (645 SE2d 23) (2007), relied upon by the trial court, is not controlling, because in *Huffman* the attorney in question, although not a party, filed a motion that was contrary to an injunction, even though he knew that such action violated the injunction. Id. Here, Cabiness took no such action. The act of forwarding to the receiver copies of the notice of lien his client filed did not violate the trial court's injunction in this case. See *In re Hadaway*, 290 Ga. App. 453, 457 (659 SE2d 863) (2008) (if anyone violated the court's order, it was not Hadaway).

Moreover, neither the trial court nor the receiver has cited any authority, and we are aware of none, authorizing an attorney to dismiss on his own initiative and authority a notice of lien filed by his client. Consequently, Cabiness lawfully cannot be held in contempt for failing to do what he had no authority to do.

Accordingly, the trial court's order holding Cabiness in contempt of court must be reversed.

2. Because we have found that Cabiness was not in contempt of the receivership order, the fine imposed upon him and the award of attorney fees and costs under OCGA § 9-15-14 are also reversed. The receiver's motion to impose frivolous appeal sanctions upon Cabiness is denied. Cabiness's other enumerations of error are moot.

*Judgment reversed. Andrews, P. J., concurs. Miller, C. J., concurs fully and specially.*

MILLER, Chief Judge, concurring specially.

I concur fully and completely in the majority's opinion. I write specially to emphasize the necessity for the exercise of the utmost care in imposing this most severe sanction. "Criminal contempt is a crime in the ordinary sense and the evidence of the contempt must be [proven] beyond a reasonable doubt. Contempt is a drastic remedy which ought not to deprive one of [his] liberty unless it rests upon a firm and proper basis." (Citation and punctuation omitted.) *In re Harris*, 289 Ga. App. 334, 336 (1) (657 SE2d 259) (2008). As the majority makes clear, no authority supports the trial court's underlying conclusion that an attorney is authorized to withdraw a notice of lien filed by his client, particularly where, as here, Cabiness' client filed the notice of lien pro se at the direction of another attorney and Cabiness was not complicit in the filing of the same, directly or indirectly. Cabiness' act of forwarding copies of the notice filed by his client to the receiver is not violative of the terms of the receivership order enjoining "all persons . . . from *creating or enforcing* liens upon the Receivership Properties without leave of the Court." (Emphasis supplied.) While I am well aware that the work of a trial judge is all too often demanding and stressful, the criminal contempt adjudged in this case is simply inappropriate and unwarranted.

DECIDED MARCH 29, 2010.

*R. Flay Cabiness*, pro se.

*Ekonomou, Atkinson & Lambros, Andrew J. Ekonomou, Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, Terry L. Readdick, Clark & Williams, Nathan T. Williams, Savage, Herndon & Turner, Robert B. Turner, Christopher D. Britt, Moore, Clarke, DuVall & Rodgers, David A. Garland, Oliver Maner, Timothy D.*

*Roberts, Foley & Lardner, Dabney D. Ware, William B. Johnson,* for appellee.