## A10A2045. IN RE BOWENS.
(706 SE2d 694)

ANDREWS, Judge.

John Bowens, the sheriff of Terrell County, appeals from the order of the Terrell County Superior Court finding him in criminal contempt for wilful violation of the Court's order and sentencing him to five days in jail and a $500 fine. For the following reasons, we affirm the order's contempt finding and vacate the portion of the order addressing a prior court order requiring Terrell County to pay the sheriff's attorney fees and costs.

1. Contrary to Sheriff Bowens's contention, we find that the evidence was sufficient to prove beyond a reasonable doubt that he was guilty of criminal contempt for wilful violation of the court order.

Sheriff Bowens was cited for contempt for disobeying a written order of the Terrell County Superior Court entered by Judge Ronnie Joe Lane on the afternoon of February 16, 2010, and delivered the same afternoon to Sheriff Bowens's office. The order directed Sheriff Bowens to transport to the Terrell County Courthouse, not later than 9:00 a.m. on February 17, 2010, four named criminal defendants imprisoned at the Terrell County jail, for the purpose of hearings in criminal cases before the Court. At the hearing on the contempt citation,[1] evidence showed that Judge Lane issued the order to Sheriff Bowens because, at the previous scheduled date for criminal hearings, Judge Lane was unable to complete the Court's business, and was forced to adjourn early, because Sheriff Bowens failed to timely transport all of the scheduled defendants from the jail to the courthouse. Evidence further showed that Sheriff Bowens operated the county jail and had the responsibility to transport criminal defendants from the jail to the county courthouse for hearings and trials. Sheriff Bowens admitted that he had prior notice of the Court's order; that he discussed the order with one of his deputies on February 17, 2010, prior to the 9:00 a.m. time specified in the order; and that, contrary to the order, he directed the deputy to transport two rather than four jailed defendants to the courthouse

---

[1] A hearing on the contempt citation was held in the Terrell County Superior Court before Superior Court Judge C. Dane Perkins of the Alapaha Circuit, sitting by appointment. It is undisputed that Sheriff Bowens was given notice of the contempt charges, an opportunity to respond, and was permitted assistance of counsel and the right to call witnesses. See *Ramirez v. State*, 279 Ga. 13, 15 (608 SE2d 645) (2005).

by 9:00 a.m. When the deputy arrived at the courthouse with two of the defendants, Judge Lane asked the deputy if he was aware of the Court's order. The deputy advised Judge Lane that "the Sheriff and I had discussed it that morning, that due to security reasons, we would just bring two inmates over here, and as soon as those were disposed of, we would bring two more over." In explanation of his decision not to comply with the court order, Sheriff Bowens testified that, on February 17, 2010, he was working in his patrol car to answer calls, and that he had only two deputies working, one in the courtroom at all times, and one transporting prisoners from the jail to the courthouse. But Sheriff Bowens also testified that he employed ten deputies (each with a patrol car), an investigator with a car, fifteen full-time jailors, two part-time jailors, a jail administrator, and two office assistants. Part of Sheriff Bowens's defense was that Terrell County had not adequately funded his office to allow him to safely carry out his responsibilities. Sheriff Bowens explained that he did not wilfully disobey the court order, but that he was not able to comply with the order "because of a lack of personnel that I had that day." According to Sheriff Bowens, it would have been unsafe to comply with the court order because it required him to send one deputy with four prisoners. Judge Lane testified that Sheriff Bowens's failure to comply with the order interfered with the Court's ability to conduct the scheduled hearings.

The proper administration of justice demands that the superior court have inherent power to enforce its orders by contempt proceedings. *Griggers v. Bryant*, 239 Ga. 244, 246 (236 SE2d 599) (1977); OCGA § 15-6-8 (5) (superior courts have authority to punish contempt by imprisonment up to 20 days and fines up to $500).

> In order to establish criminal contempt [for violation of a court order], there must be proof beyond a reasonable doubt not only that the alleged contemnor violated a court order, but also that he did so wilfully. And to show wilfulness, there must be proof beyond a reasonable doubt that the alleged contemnor had the ability to comply with the court order: It is essential to constitute a contempt that the thing ordered to be done be within the power of the person against whom the order is directed.

(Citations and punctuation omitted.) *Thomas v. Dept. of Human Resources*, 228 Ga. App. 518, 519-520 (492 SE2d 288) (1997). "[O]n appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." (Punctuation omitted.) *In re Irvin*, 254 Ga. 251, 256 (328 SE2d 215) (1985). Moreover, in a contempt hearing before a judge sitting as the trier of fact, the hearing judge, and not the appellate court, determines the credibility of witnesses. *Reece v. Smith*, 292 Ga. App. 875, 877 (665 SE2d 918) (2008).

The hearing judge found not credible Sheriff Bowens's testimony that he did not wilfully disobey the court order because he did not have the ability or personnel to safely comply with the order to transfer four prisoners from the jail to the courthouse for the 9:00 a.m. hearing. Accordingly, the judge found Sheriff Bowens in criminal contempt for wilfully violating the court order and thereby interfering with and obstructing the Court's administration of justice. Although the legislature has vested the office of county sheriff with broad authority to determine the safe administration of the county jail and the prisoners confined therein, Judge Lane was empowered to determine that the orderly administration of justice required the presence of the four prisoners at the courthouse by 9:00 a.m., and to order Sheriff Bowens to transfer the prisoners from the jail to the courthouse by that time. See *In re Irvin*, 254 Ga. at 253-254. Contrary to Sheriff Bowens's contention, the order was clear and it did not direct him to send one deputy with four prisoners. If Sheriff Bowens believed in good faith that, because of a lack of funding and personnel for his office, the court order erroneously compelled him to transport the prisoners in an unsafe manner, his remedy was to appeal the order, not to disobey it. *Britt v. State*, 282 Ga. 746, 749-751 (653 SE2d 713) (2007). Since evidence showed that Sheriff Bowens had notice of and disobeyed the court order, his sole defense to the contempt citation was that he did not do so wilfully because he lacked the ability to comply. The evidence, especially evidence that Sheriff Bowens had ample deputies and resources under his control to comply with the court order, was sufficient to prove beyond a reasonable doubt that he wilfully violated the order and was guilty of criminal contempt.

2. Sheriff Bowens contends that the judge erroneously allowed the Terrell County attorney to make an opening statement and to cross-examine him at the hearing on the contempt citation.

The record shows that, prior to the hearing, the attorney for Terrell County filed a motion to allow the Terrell County Board of Commissioners to intervene in the contempt proceeding for the purpose of opposing a prior court order entered in the proceedings which authorized Sheriff Bowens to employ private counsel for defense of the contempt citation and required Terrell County to pay all his attorney fees and costs. At the commencement of the contempt hearing, the judge stated that he would first conduct the contempt hearing, and then would rule on the motion to intervene.

Nevertheless, after Sheriff Bowens's attorney made an opening statement in the contempt hearing, the judge allowed the County attorney to make an opening statement related to the motion to intervene. Sheriff Bowens objected to the opening statement given by the County attorney on the basis that he did not receive adequate notice of the motion to intervene. Assuming (without deciding) that this was error, there was no harm, especially in light of the fact that, after the contempt hearing concluded, the judge considered and denied the motion to intervene.

During the contempt hearing, the judge also allowed the County attorney to cross-examine witnesses. Sheriff Bowens's attorney objected to the cross-examination to the extent it was "asking questions about the contempt," but stated he had no objection to cross-examination about the sheriff's contention that lack of funding from the County was responsible for his inability to comply with the court order. Noting that there was considerable overlap between those types of questions, the judge simply ruled that he would allow the County to proceed with cross-examination and "see what happens." Because the County's subsequent cross-examination of Sheriff Bowens related to the sheriff's contentions about lack of funding, the sheriff waived any objection, and the trial court did not err by overruling the objection to the cross-examination.

3. Sheriff Bowens contends that, because the judge denied the Board of Commissioners' motion to intervene, the judge erred by subsequently issuing a ruling voiding or reversing the prior court order requiring Terrell County to pay his attorney fees and costs.

After the judge concluded the contempt hearing, he immediately considered the motion to intervene brought by the Board of Commissioners for the purpose of opposing the prior court order requiring Terrell County to pay Sheriff Bowens's attorney fees and costs. About a month after the contempt hearing, the judge entered a written order finding Sheriff Bowens guilty of criminal contempt and denying the motion to intervene. In the same order, the judge then ruled sua sponte that the prior attorney fees and costs order was void because it was issued by a judge who had recused himself from the case. The judge also sua sponte reversed the order for additional reasons. We agree that the prior court order was no longer an issue before the court after the judge denied the Board of Commissioners' motion to intervene. Under these circumstances, the judge erred by ruling sua sponte on the prior court order, and we vacate the portion of the judge's ruling voiding or reversing the prior order requiring Terrell County to pay the sheriff's attorney fees and costs.[2]

---

[2] We render no opinion on the status of the prior order. The Terrell County Board of

*Judgment affirmed in part and vacated in part. Ellington, C. J., and Doyle, J., concur.*

DECIDED FEBRUARY 15, 2011 —
RECONSIDERATION DISMISSED MARCH 8, 2011 — 

*Leonard Danley*, for appellant.

Commissioners did not appeal from the denial of the motion to intervene. See *Morman v. Bd. of Regents &c. of Ga.*, 198 Ga. App. 544 (402 SE2d 320) (1991); *Kipp v. Rawson*, 193 Ga. App. 532, 535 (388 SE2d 409) (1989).