S12A1949. In re HERBERT ADAMS.
(740 SE2d 134)

BENHAM, Justice.

Appellant Herbert Adams is an attorney who was held in wilful contempt of court while representing Michael Blaine in a criminal prosecution for murder in the Superior Court of DeKalb County. On the third morning of Blaine's July 2011 trial, Judge Mark Anthony Scott, upon hearing subpoenaed testimony from the attorney representing the State's material witness Walter Landers and upon questioning appellant directly, decided to continue Blaine's trial and institute contempt proceedings against appellant on the basis that appellant was not prepared for the specially set trial. After the contempt hearing was held, Judge Scott issued an order finding appellant to be in wilful contempt for being unprepared for trial and ordering appellant to pay a $500 fine. Appellant now seeks this Court's review of the judgment of contempt. For reasons set forth below, we affirm.

1. Appellant alleges Judge Scott was required to recuse himself sua sponte from the contempt proceedings. We disagree. It is undisputed that appellant did not file a motion to recuse Judge Scott from the contempt proceedings. See Uniform Superior Court Rule 25.1; *Mayor & Aldermen of City of Savannah v. Batson-Cook Co.*, 291 Ga. 114 (728 SE2d 189) (2012). Since appellant did not timely file a motion for Judge Scott to recuse himself, the matter of recusal is waived. *Hampton v. State*, 289 Ga. 621 (4) (713 SE2d 851) (2011); *Butts v. State*, 273 Ga. 760 (546 SE2d 472) (2001).[1]

2. Appellant alleges the evidence was insufficient to hold him in contempt. On appeal, the standard of review for a criminal contempt is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *In re Irvin*, 254 Ga. 251, 256 (328 SE2d 215) (1985); *In re Fitts*, 259 Ga. App. 462 (576 SE2d 920) (2003); *In re Longino*, 254 Ga. App. 366, 368 (562 SE2d 761) (2002). The record on appeal shows that appellant began

---

[1] Appellant alleges he is entitled to a remand on the issue of whether contempt counsel rendered ineffective assistance when he failed to file a motion for Judge Scott to recuse himself. We disagree. The order of contempt was issued on October 3, 2011. Rather than file a motion for new trial, appellant filed a notice of appeal which was entered on October 27, 2011. Appellant's notice of appeal was signed and submitted by appellate counsel and was not signed or submitted by contempt counsel. Had appellant wished to preserve the issue of ineffective assistance of counsel at the earliest practical moment, his appellate counsel had the opportunity do so in the form of a motion for new trial filed on or before November 2, 2011. Since appellant did not file a motion for new trial in which he raised a claim of ineffective assistance of counsel, the issue is waived. *Stegall v. State*, 308 Ga. App. 666 (1) (708 SE2d 387) (2011).

representing Blaine in November 2010 and received discovery from the State in February 2011. Blaine's trial was specially set to commence Monday, July 11, 2011. On June 6, 2011, appellant asked for a continuance which Judge Scott denied. Appellant again moved for a continuance on July 11, 2011, and Judge Scott took the motion under advisement instructing appellant to work with the prosecutor in facilitating interviews with some of the State's witnesses and then revisit the motion for a continuance if more time was needed with any particular witness. Jury selection started that same day and was finished by Wednesday, July 13. On that Wednesday, which was the day the parties would have made opening statements and the State would have begun calling witnesses, appellant did not have his entire case file with him; appellant could not advise the court as to when he or his investigators had talked to or had made attempts to talk to Landers who was considered to be a material witness for the State; and appellant admittedly had not obtained any certified copies of convictions despite the fact that a significant number of the State's witnesses, including Landers, had prior felony convictions and despite the fact that appellant had no knowledge of what order the State would call its witnesses.

At the subsequent contempt hearing in August 2011, the lead prosecutor for Blaine's case testified that because a key witness had been murdered on the eve of a 2007 trial involving Blaine, contact information was withheld for a number of State witnesses involved in the 2011 trial; however, throughout the pre-trial proceedings, the prosecutor said he made announcements to all defense attorneys,[2] including appellant, that the district attorney's office would help facilitate contacting the witnesses for interviews. Indeed, the transcript from a May 20, 2011, motions hearing confirms that the prosecutor made an announcement about facilitating witness interviews and that appellant was present when the announcement was made. Appellant testified that he first met with his investigator in June 2011. At the contempt hearing, appellant's investigator testified that appellant did not make her aware of the prosecutor's offer to facilitate witness interviews; that appellant initially requested the criminal histories of four witnesses; and that three days before trial, appellant asked her to obtain the criminal histories of over 30 witnesses. The contempt hearing record also shows that appellant e-mailed the prosecutor on Friday, July 8, 2011, just three days before the trial commenced, and requested assistance with interviewing

---

[2] The case began with eleven co-defendants; however, by the time the July 2011 trial actually commenced, Blaine was the only defendant left in the case to be tried.

fourteen lay witnesses, two police officers, the investigator for the district attorney's office, and eight former co-defendants. Appellant's e-mail reflects that he did not know whether any of the eight co-defendants listed therein, including Landers, was incarcerated in the DeKalb County jail.[3] The prosecutor testified that most of the witnesses his office was able to contact that Friday on appellant's behalf had no desire to speak with the defense. In conjunction with the trial court taking appellant's July 11 motion for a continuance under advisement, the prosecutor said he offered to help make witnesses available to the defense while jury selection was taking place between Monday and Wednesday, but that neither appellant nor any member of the defense team followed up on this offer. During the jury selection process, the prosecutor had a conversation with Landers' counsel which caused him to be concerned about appellant's preparedness for trial.[4] The prosecutor testified that on Wednesday morning before opening statements were to commence and before the State was to begin calling witnesses, appellant asked the prosecutor to stipulate to all of the felony convictions of the State's witnesses. At that point, the prosecutor stated he felt compelled to raise the issue of appellant's preparedness to Judge Scott. Appellant testified that he did not have certified copies of convictions at the start of trial because his investigators had not obtained them and that he was hindered in his trial preparation because of a busy work schedule.

The facts as summarized above were sufficient for any rational trier of fact to find appellant in contempt of court beyond a reasonable doubt for failure to be prepared for trial. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *In re Fitts*, supra, 259 Ga. App. at 464. See also *In re Earle*, 248 Ga. App. 355, 358 (545 SE2d 405) (2001) (evidence was sufficient to hold attorney in civil or criminal contempt for being unprepared for trial).

*Judgment affirmed. All the Justices concur, except Hunstein, C. J., who concurs in judgment only.*

DECIDED MARCH 18, 2013.

*Brian Steel*, for appellant.

---

[3] The prosecutor testified that jail records showed that no one from the defense team visited Landers, who had been incarcerated in the DeKalb County jail for years, until after jury selection had started on July 11.

[4] During the conversation, Landers' counsel conveyed to the prosecutor that he had a conversation with appellant which led him to believe that appellant did not know who Landers was despite the fact that Landers was a material witness for the State.

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.