**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 17, 2015**

# In the Court of Appeals of Georgia

A15A2217. WALTON v. THE STATE.

ANDREWS, Presiding Judge.

The appellant, Toya Walton, was convicted of speeding on April 2, 2015, and filed a timely notice of appeal from that conviction. This appeal is not from that conviction, however, but rather is from the denial of Walton's subsequent motion to require the official court reporter to transcribe all pre-trial and jury trial matters and provide her with a free transcript of the proceedings.

1. Walton is not indigent. But she contends she is entitled to a free digital copy of the trial transcript pursuant to Judicial Council of Georgia Rule 2.3 (A), effective January 1, 2015, which provides:

> In all criminal cases, when a transcript is required or requested to be prepared, it shall be filed with the clerk of court immediately upon completion and certification. The court reporter shall notify the court,

prosecutor, defense attorney(s), and/or self-represented defendants(s) of the date the transcript is filed with the clerk of court and provide each with a digital copy of the transcript at no charge.

Once filed, the transcript is a public record (O.C.G.A. § 50-18-70), and copies may be provided at the rate determined by the clerk or by law as any other public record.

Walton's contention, if accepted, would shift the cost of transcripts from non-indigent criminal case defendants to the general public. If that is the law, to quote Charles Dickens' Mr. Bumble, "the law is a ass--a idiot." But that is not the law.

OCGA § 15-14-5 provides in part: "[i]t shall be the duty of each court reporter to transcribe the evidence and other proceedings of which he has taken notes as provided by law whenever requested so to do by counsel for any party to such case and upon being paid the legal fees for such transcripts." The Judicial Council rule cannot trump this statute.

If a non-indigent criminal defendant requests a transcript, the statute obligates a court reporter to prepare one, *upon getting paid* by the requesting party. Inasmuch as Judicial Council Rule 2.3 (A) cannot override that statute, the only reasonable interpretation of the Rule is that it reflects our modern digital age and provides for

free digital copies of a transcript to parties *once* the requesting party pays for the initial transcript.

2. Before the hearing on Walton's motion, the Clayton County Attorney filed a motion to intervene, in order to protect the interests of the county, which had the potential of being required to expend county funds for transcripts for non-indigent criminal defendants. Walton contends the trial court erred in allowing the county attorney to intervene. However, because the trial court properly denied Walton's motion, we need not address the county attorney's intervention. See *In re Bowens*, 308 Ga. App. 241, 244 (2) (706 SE2d 694) (2011).

*Judgment affirmed. Miller and Branch, JJ., concur.*