**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 20, 2023**

# In the Court of Appeals of Georgia

A23A0871. MTN INVESTMENTS, LLC v. D. MAGEN, LLC.

MERCIER, Chief Judge.

In this matter regarding a joint real estate venture to acquire and rent certain properties, D. Magen LLC filed a complaint against MTN Investments, LLC, and Meir Matana arguing that MTN and Matana breached their fiduciary duty. The complaint sought damages for fraud and quantum meruit, and also sought an accounting and that the trial court order MTN to transfer title of four properties to Magen. The parties entered into a consent order to determine how joint rental properties would be administrated during the pendency of the lawsuit. Thereafter, Magen filed a motion for contempt, arguing that MTN failed to adhere to the consent order. The trial court granted the motion and issued its first contempt order.

Magen subsequently filed a second motion for contempt, arguing that MTN had failed to comply with the first contempt order. The trial court granted the motion, striking MTN's answer and counterclaim, and ordering that MTN was in default. The trial court also issued a default judgment against MTN. MTN filed this appeal, arguing that the trial court erred by issuing the second contempt order, striking its responsive pleadings, and issuing a default judgment. Because the first contempt order failed to provide definitive terms for MTN to purge its contempt, we reverse.

1. MTN argues that the trial court abused its discretion by finding MTN in contempt of court because its first contempt order was vague. "A superior court shall have full power to mold its decrees so as to meet the exigencies of each case and shall have full power to enforce its decrees when rendered." OCGA § 23-4-31. "[T]he discretion of the judges of the superior courts in all matters pertaining to contempt of their authority and mandates will never be controlled unless grossly abused." *Cowart v. Ga. Power Co.*, 362 Ga. App 574, 583 (3) (868 SE2d 241) (2022) (citation and punctuation omitted). However, "the very nature of the proceeding in either civil or criminal contempt for an alleged disobedience of a court order requires that the language in the commands be clear and certain." Id. at 586 (4) (citation and punctuation omitted).

Magen's complaint alleged that Matana asked Magen to invest with MTN by purchasing real estate that would be rented for the benefit of both MTN and Magen. Thereafter, Matana bought multiple properties, informing Magen that the properties were purchased jointly, but were only in the name of MTN. Despite demands that the properties be transferred to be jointly titled in MTN's and Magen's na]mes, MTN refused to do so. Later, MTN began selling some of the properties without informing Magen.

Subsequently, Magen filed the underlying lawsuit. While the litigation was pending, the parties entered into a consent order, wherein the parties agreed that a forensic accountant would be appointed and the parties would produce any payment records for the properties. They agreed that all funds would be paid into the registry of the court and the parties would request the release of funds for property expenses. Further, they agreed that the parties would not "interfere with any existing leases or the current management of the Properties by either party."

Three month later, Magen filed a motion for contempt seeking criminal and civil contempt fees and attorney fees, arguing, inter alia, that while the lawsuit was pending MTN had taken possession of a property and refused to relinquish control. On February 15, 2022, the trial court issued an order holding MTN in contempt of the

consent order, finding that MTN had interfered with Magen's management of seven properties. The trial court ordered MTN to:

(1) Pay all income it has received from [seven properties] from November 19, 2018 to the present into the Registry of the Superior Court of DeKalb County;

(2) Pay all income it receives from [seven properties] from the date of this Order until the conclusion of the case into the Registry of the Superior Court of DeKalb County; and

(3) Reimburse Magen for its reasonable and necessary attorneys's fees and expenses of litigation pursuant to OCGA § 9-15-14 (b). Magen shall submit evidence of its fees and expenses within ten (10) days of the date of this Order, and the Court will hold a hearing at a later date to determine the amount of fees and expenses to be awarded.

However, the contempt order failed to provide a deadline for the payments.

On March 24, 2022, after MTN failed to pay any funds in the registry following the first contempt order, Magen's counsel emailed MTN's counsel and asked if MTN intended to comply with the contempt order. Magen's counsel responded: "MTN certainly intends to comply. I am checking on the status of that compliance and will get back with you." On April 27, 2022, Magen filed a second motion for contempt as MTN had failed to deposit funds into the court registry. Magen argued that MTN was

knowingly and wilfully evading the first contempt order by failing to pay any money into the court registry, and it requested that the trial court strike MTN's answer and issue default. A hearing was held on the second motion for contempt, and, just prior to the hearing, MTN paid over $22,000 into the court registry . MTN argued at the hearing that, because there was no deadline listed in the order, they did not "violate any time structure."

Nonetheless, the trial court found that "MTN knowingly and willfully violated the [first] Contempt Order[.]" The trial court entered a default judgment, ordering MTN to transfer title to five properties from MTN investments to "D. Magen LLC and MTN Investments LLC" and to transfer four properties into Magen's name alone, to produce documents, and it created an implied trust for the proceeds of a property sale.

While we review a trial court's order for gross abuse of discretion, "[a] party may not be punished for failure to comply with the purge conditions of a contempt order unless those conditions are set forth in definite terms that are express rather than implied." *Rocker v. First Bank of Dalton*, 343 Ga. App. 501, 503 (1) (806 SE2d 884) (2017) (punctuation and footnote omitted). Here, the trial court informed MTN that it was to pay "all income" from the seven properties into the court registry.

5

However, it did not provide a date or mandate any term by which MTN could determine when the income was due. As such, the trial court failed to provide MTN, in definite and express terms, the deadline for when MTN must purge itself of contempt.[1] See Id. at 505 (1) (a purge condition in a contempt order that the party must "produce any documents that have been requested . . . and that have not been produced" was too indefinite to support a finding of contempt); *Farris v. Farris*, 285 Ga. 331, 333 (1) (676 SE2d 212) (2009) (when express written terms of divorce decree required the wife to place the marital home for sale, but did not require her to sell her interest to husband, the trial court abused its discretion by holding wife in contempt for refusing to sell her interest to husband); Compare *Corley v. Jackson*, 364 Ga. App. 796, 799 (1) (872 SE2d 324) (2022) (order that stated that "Father was required to pay $2,000 in attorney fees to the Mother's attorney on or before May 24, 2020" was not too indefinite even if two subsequent clarification orders were later entered that did not alter the attorney fees provision). The prior court order did "not proscribe any certain conduct, nor did it provide definite terms or duties with which [MTN] must comply," as it failed to provide a deadline by which the "income" must

---

[1] Moreover, as previously stated, prior to the hearing for the second contempt motion, MTN made payment of over $22,000 into the court's registry.

be paid into the court's registry. *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007) (citation and punctuation omitted). As the purge condition in the first contempt order was not sufficiently definite and specific to allow MTN to determine when the income needed to be paid into the court's registry to purge itself of the contempt, we reverse the trial court's order.

2. Because we have found that MTN was not in contempt of the first contempt order, the default judgment, which was based on the second contempt order, is also reversed. See generally *Cabiness v. Lambros*, 303 Ga. App. 253, 256 (2) (692 SE2d 817) (2010) (when this Court reversed the trial court's holding of contempt, the fine imposed and award of attorney fees based on contempt finding by the trial court were also reversed).

*Judgment reversed. Miller, P. J., and Hodges, J., concur.*